McLEMORE v DETROIT RECEIVING HOSPITAL AND
UNIVERSITY MEDICAL CENTER

Docket No. 134930. Submitted August 13, 1992, at Detroit. Decided
October 19, 1992, at 10:10 A.M. Leave to appeal sought.

Orrie C. McLemore brought an action in the Wayne Circuit Court
against Detroit Receiving Hospital and University Medical
Center and others, alleging sex discrimination, breach of an
employment contract, and retaliatory discharge for her filing of
a sex discrimination charge with the Equal Employment Oppor-
tunity Commission. The jury found that plaintiff's employment
was terminated in retaliation for filing the charge and that the
defendants breached their employment contract with the plain-
tiff. The court, J. Phillip Jourdan, J., entered a judgment
consistent with the jury verdict for the plaintiff for $465,445.72,
including prejudgment interest. The defendants appealed from
the portion of the judgment finding retaliatory discharge.

The Court of Appeals held:

1. There was sufficient evidence to support the retaliation
claim. Regardless of the vagueness of an employee's charge or
the lack of a formal invocation of the protection of the Civil
Rights Act, if an employer's decision to terminate or otherwise
adversely effect an employee is a result of that employee's
raising the possibility of a discrimination complaint, retaliation
prohibited by the act occurs. The evidence supports the infer-
ence that, in eliminating the plaintiff's position, the defendants
merely took advantage of an opportunity to do what they had
been preparing to do, and that the economic necessity they

REFERENCES

Am Jur 2d, Appeal and Error §§ 398, 404, 797; Civil Rights §§ 223-
225, 446; Job Discrimination §§ 127-150.
Award of attorneys' fees under § 706(k) of Civil Rights Act of 1964
(42 USCS § 2000e-5(k)) authorizing court to allow prevailing
party, other than Equal Employment Opportunity Commission or
United States, reasonable attorney's fee as part of costs in action
under equal employment opportunities part of Act. 16 ALR Fed
643; Construction and application of § 704(a) of Civil Rights Act of
1964 (42 USC § 2000e-3(a)), making it unlawful employment prac-
tice to discriminate against individual for participation in equal
opportunity proceedings or activities. 11 ALR Fed 316.

asserted was a pretext. The trial court properly denied the defendants' motion for judgment notwithstanding the verdict.

2. The trial court did not abuse its discretion in denying the defendants' motion for a new trial. The verdict was not against the great weight of the evidence.

3. The trial court erred in instructing the jury that the defendants had the burden of proving their claim that the layoff was motivated by the hospital's economic problems. However, because the jury returned a verdict it was told it could reach only if it found that the plaintiff had proven that the defendants had a retaliatory motive and that the economic justification the defendants put forth was a sham or pretext, the error could not have affected the verdict. Therefore, reversal is not required.

4. The defendants' failure to provide the Court of Appeals with a transcript of the trial court's ruling regarding their request for remittitur precludes review of their claim that the court erred in denying the request.

5. By not requesting attorney fees in the trial court and not filing a cross appeal, the plaintiff waived any right she may have had to attorney fees for work done before the entry of the judgment.

6. The Court of Appeals has discretion to award the plaintiff appellate attorney fees under the Civil Rights Act, MCL 37.2802; MSA 3.548(802). Remand to the trial court is appropriate for a determination and award of reasonable appellate attorney fees.

Affirmed and remanded.

1. CIVIL RIGHTS — DISCRIMINATION COMPLAINTS — RETALIATION.

Regardless of the vagueness of an employee's charge of a violation of the Civil Rights Act or the lack of formal invocation of the protection of the act, if an employer's decision to terminate or otherwise adversely effect an employee is a result of that employee's raising the possibility of a discrimination complaint, retaliation prohibited by the act occurs (MCL 37.2701; MSA 3.548[701]).

2. APPEAL — JURY INSTRUCTIONS.

Reversal is required because of an erroneous jury instruction only where the failure to reverse would be inconsistent with substantial justice.

3. APPEAL — REMITTITUR — PRESERVING QUESTION — TRANSCRIPTS.

Failure to provide the Court of Appeals with a transcript of a trial court's ruling on a motion for remittitur precludes consid-

eration of the claim that the court erred in denying the motion (MCR 7.210[B][1][a]).

4. CIVIL RIGHTS — APPELLATE ATTORNEY FEES.

   The Court of Appeals may award appellate attorney fees in an action brought under the Civil Rights Act (MCL 37.2802; MSA 3.548[802]).

*Clayton C. Jones,* for the plaintiff.

*Honigman Miller Schwartz & Cohn* (by *Thomas E. Marshall* and *Ingrid K. Brey*), for the defendants.

Before: NEFF, P.J., and GRIBBS and SHEPHERD, JJ.

SHEPHERD, J. A jury found that defendants terminated plaintiff's employment in retaliation for her filing a sex discrimination charge with the Equal Employment Opportunity Commission.[1] Pursuant to the jury's verdict, the trial court entered judgment for plaintiff for $465,445.72. Defendants appeal as of right. We affirm and remand for further proceedings.

Plaintiff was a clinical instructor at defendant hospital's school of radiologic technology. In February of 1982, defendant Thomas Gallagher, director of radiology, appraised plaintiff's performance as "effective." In March of 1983, the educational coordinator, defendant Gail Alexander, also evaluated plaintiff's performance as "effective."

When Alexander became associate director of radiology, plaintiff applied for the vacant educational coordinator's position. Her interview in September of 1983 did not go well. Gallagher focused his attention on what he felt were inaccuracies in plaintiff's resume.

---

[1] The jury also found that defendants breached their employment contract with plaintiff. Defendants have not appealed that portion of the verdict.

Gallagher, Alexander, and Dr. Kenneth Krabbenhoft, the chief director of radiology, ultimately chose a man for the position. Plaintiff filed a complaint with the hospital expressing concern that the hiring decision may have been the result of "bias," and requesting an explanation for the decision in order to avoid "litigation." Plaintiff was told the man was selected because of his superior qualifications. As part of their response to plaintiff's complaint, Alexander and Gallagher sent plaintiff memoranda criticizing her job performance.

The man did not work out and resigned. In January 1984, plaintiff once again applied for the position. Gallagher, Alexander, and Dr. Krabbenhoft selected defendant Donald Stokes to be the new educational coordinator.

Almost immediately, Stokes too began criticizing plaintiff's job performance. At the end of March 1984, he appraised plaintiff's performance as "unsatisfactory."

On April 2, 1984, plaintiff filed a complaint with the EEOC, charging defendants with sex discrimination.

For years the hospital had been having financial difficulties. In the spring of 1984, Gallagher and Alexander were asked to identify positions in the radiology department that could be eliminated as part of a hospital-wide staff reduction. They recommended eliminating plaintiff's position. At the time, Gallagher knew plaintiff had filed a complaint with the EEOC. Plaintiff was laid off on May 31, 1984.

Plaintiff filed this action, charging sex discrimination, breach of contract, and retaliatory discharge. The trial court directed a verdict for defendants with regard to the sex discrimination charge, a ruling plaintiff has not appealed. The

jury returned a verdict for plaintiff, finding that retaliation was a significant factor in defendants' decision to lay her off, and that defendants violated the hospital's policies by laying her off and subsequently failing to rehire her. The jury awarded plaintiff $13,500 for economic damages and $250,000 for emotional distress. The trial court entered judgment on the verdict for plaintiff for $465,445.72, including prejudgment interest.

I

Defendants first contend there was insufficient evidence to support the retaliation claim. We disagree.

Defendants moved for judgment notwithstanding the verdict, contesting the sufficiency of the evidence. The trial court denied the motion. When deciding a motion for judgment notwithstanding the verdict, a trial court must examine the testimony and all legitimate inferences that may be drawn therefrom in a light most favorable to the plaintiff. *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 538; 470 NW2d 678 (1991). If the evidence is such that reasonable jurors could have found for the plaintiff, neither the trial court nor this Court may substitute its judgment for that of the jury. *Id.*

Defendants contend there was no evidence that the decision to eliminate plaintiff's position was motivated by anything other than economic considerations. They argue that because plaintiff did not file her charge with the ᴇᴇᴏᴄ until April 2, 1984, what went on before that date cannot support her claim of retaliation. We disagree.

The Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, prohibits employers from retaliating against an employee for making a charge,

filing a complaint, testifying, assisting, or partici-
pating in an investigation, proceeding, or hearing
under the act. MCL 37.2701; MSA 3.548(701). In
*Booker v Brown & Williamson Tobacco Co, Inc*,
879 F2d 1304, 1312-1314 (CA 6, 1989), the federal
court of appeals decided that the Civil Rights Act
did not protect from retaliation an employee who
had merely expressed concern to his employer
about possible discrimination. We strongly dis-
agree with this interpretation of the act. Regard-
less of the vagueness of the charge or the lack of
formal invocation of the protection of the act, if an
employer's decision to terminate or otherwise ad-
versely effect an employee is a result of that
employee raising the spectre of a discrimination
complaint, retaliation prohibited by the act occurs.
We will not interpret the act to allow employers to
peremptorily retaliate against employees with im-
punity. Doing so would be contrary to our state's
policy of protecting employees who are about to
report a suspected violation of law. See MCL
15.362; MSA 17.428(2).

The core issue in this case was defendants'
motivation for eliminating plaintiff's job. Plaintiff
did not dispute that defendant hospital's financial
distress was genuine, and that some jobs would
have to be eliminated. Plaintiff contended her job
was selected because defendants wanted to get rid
of her for making a discrimination charge.

Plaintiff produced no direct evidence that defen-
dants' motives were less than pure. The question
therefore is whether the circumstantial evidence
plaintiff did produce, when viewed in the light
most favorable to plaintiff, was sufficient for the
jury to legitimately infer that defendants were
motivated by a desire to retaliate.

Plaintiff presented evidence that defendants had
begun to compile a paper record that would sup-

port her discharge long before the layoff. This evidence supports the inference that in eliminating her position, defendants merely took advantage of an opportunity to do what they had been preparing to do, and that the economic necessity was a pretext.

Plaintiff presented evidence that defendants, who previously judged her job performance as effective, suddenly viewed it as unsatisfactory after she raised the issue of bias. In fact, the barrage of criticism of plaintiff's job performance actually began as defendants' official response to plaintiff's internal complaint. This supports the inference that it was the internal complaint with its implied threat of a formal discrimination complaint and not-so-implied threat of litigation that caused the sudden change in how defendants viewed plaintiff's worth.

Defendants point out that neither in the internal complaint nor in the meeting that followed did plaintiff expressly discuss sex discrimination. While this is relevant, we believe a rational trier of fact could still conclude that defendants' reaction to the complaint was motivated by a fear that plaintiff, a black female, would eventually file a complaint charging some type of prohibited bias, either race or sex discrimination.

From the moment they learned plaintiff was concerned about bias, defendants began doing things that could make a case for terminating her employment. They sent numerous memoranda to her criticizing her job performance. Yet she was being criticized for problems with the school outside her control, and for not completing tasks she had not been given. These memoranda and plaintiff's performance evaluations express a level of overall dissatisfaction with her work that is difficult to reconcile with the praise she had received

before her complaint. A rational trier of fact could infer that all this was motivated by a fear of an EEOC charge and litigation to follow. When plaintiff filed her complaint with the EEOC, defendants' fears were realized, and they responded by using the first available opportunity to rid themselves of her. Furthermore, there was evidence of a hospital policy to offer laid-off employees other positions to the extent such positions were available. Plaintiff presented evidence that the policy was deliberately ignored in her case.

Therefore, the evidence, viewed in a light most favorable to plaintiff, supports the inference that she was laid off in retaliation for charging defendants with sex discrimination. The trial court did not err in denying the motion for judgment notwithstanding the verdict.

II

Defendants also contend that the trial court erred in denying their motion for a new trial. We disagree.

Defendants argued below that they were entitled to a new trial because the verdict was against the great weight of the evidence. See MCR 2.611(A)(1)(e). The trial court disagreed. A trial court's decision on such a motion is discretionary, and will not be disturbed unless an abuse of that discretion is shown. *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985).

The jury, with sufficient evidence before it, found that the evidence established plaintiff's claims. The trial court, with its unique vantage point of both the evidence and the proceedings, found the verdict not to be against the great weight of the evidence. Our reading of the record

does not show that ruling to have been an abuse of the trial court's discretion.

### III

Defendants next argue that the trial court erred in instructing the jury about the burden of proof.

The trial court told the jury that plaintiff had the burden of proving that retaliation played a significant role in her layoff. The court instructed the jury that plaintiff had the burden of proving that defendants' claim of economic necessity was a sham or pretext. However, the court also told the jury that the defendants had the burden of proving their claim that the layoff was motivated by the hospital's economic problems.

The trial court's instruction was erroneous. As the party seeking to change the status quo, the burden of proof was on plaintiff to show that she was entitled to the relief she sought. Although the burden of production may have shifted to defendants to articulate a legitimate reason for laying plaintiff off, the burden of proof did not shift. See *Polk v Yellow Freight System, Inc,* 876 F2d 527, 531 (CA 6, 1989).

If a jury charge is erroneous, reversal is required only where failure to reverse would be inconsistent with substantial justice. *Reisman, supra,* p 532. Although the trial court erred in instructing the jury, we find that the error could not have affected the verdict, and, therefore, do not reverse.

The parties' claims concerning defendants' motivation for eliminating plaintiff's job were mutually exclusive. Either defendants were motivated by a desire to retaliate for the discrimination complaint as plaintiff claimed, or they were motivated by the economic situation, as defendants claimed.

Although the jury instructions were erroneous, the error could only affect the verdict in one situation. If a preponderance of the evidence demonstrated that defendants were retaliating while using the economic situation as a pretext, then, according to the instructions given, the jury would properly return a verdict for plaintiff. If a preponderance of the evidence demonstrated that the layoff was motivated by the economic situation, and that a desire to retaliate was not a significant factor in the decision, then the jury would properly return a verdict for defendants.

It is only if the jury could not decide what defendants' motivation was, if the evidence was in equipoise, that the instructional error would have any effect. The jury was not told what to do in such a situation. A properly instructed jury would know to return a verdict for defendants.

The record makes it clear that the jury did not find the evidence to be in equipoise. The jury returned a verdict it was told it could reach only if it found that plaintiff had proven that defendants had a retaliatory motive and plaintiff had also proven that the economic justification defendants put forth was a sham or pretext.[2] Therefore, the

---

[2] The trial court instructed the jury:

> First, as to the retaliation claim, plaintiff has the burden of proving by a preponderance of the evidence that retaliation for her EEOC charges was a significant factor in defendants' decision to lay her off and that defendants' stated nondiscriminatory reason for the layoff is a sham or a pretext, or is not worthy of belief. . . .
>
> Your verdict will be for plaintiff if you find that she has shown by a preponderance of the evidence that retaliation was a significant factor in defendant's decision to lay her off, that defendant's stated economic reason was a sham or pretext or is not worthy of belief.

The verdict form asked, "Was retaliation a significant factor in Defendants' decision to lay off the Plaintiff?" The jury answered, "Yes."

instructional error could not have affected the verdict and, therefore, is not grounds for reversal.

IV

Defendants contend that the trial court erred in denying their request for remittitur.

The jury awarded plaintiff $250,000 for the emotional distress she suffered. Defendants did not object to the verdict form, nor did they object to the instructions regarding how the jury should arrive at an amount for compensating plaintiff.

When deciding a motion for remittitur, a trial court must determine whether the jury verdict is for an amount greater than the evidence can support. MCR 2.611(E). When reviewing the trial court's decision, this Court must afford due deference to the trial court's unique ability to evaluate the jury's reaction to the evidence, and only disturb the trial court's decision if there has been an abuse of discretion. *Palenkas v Beaumont Hosp,* 432 Mich 527, 533-534; 443 NW2d 354 (1989).

The trial court considered defendants' motion for remittitur and ruled from the bench on October 19, 1990. On November 2, 1990, the trial court signed an order denying the motion "for the reasons stated on the record."

Defendants have not provided this Court with a transcript of the proceedings of October 19, 1990, something they were required to do. See MCR 7.210(B)(1)(a). On the record before us we can only say that there was evidence that plaintiff suffered emotional distress as a result of defendants' actions, the jury thought that $250,000 would adequately compensate plaintiff for her distress, and the trial court decided that defendants were not entitled to remittitur.

Without the record of the trial court's ruling

from the bench, it is simply not possible for us to determine whether the trial court abused its discretion or properly exercised it. See *Wilson v General Motors Corp*, 183 Mich App 21, 40; 454 NW2d 405 (1990) (remittitur of mental anguish award to $375,000 not an abuse of discretion). We find defendants' failure to provide this Court with a transcript of the ruling to preclude our review of this issue. See *Brown v JoJo-Ab, Inc*, 191 Mich App 208, 210; 477 NW2d 121 (1991).

v

Plaintiff asks this Court to remand for an award of post-verdict attorney fees. Plaintiff filed no cross appeal. She requested no attorney fees in the trial court. Therefore, she has waived any right she may have had to attorney fees for work done before entry of judgment. MCL 37.2802; MSA 3.548(802); MCR 2.625(F).

Plaintiff apparently seeks to recover the attorney fees incurred defending this appeal. This Court has not previously decided whether appellate attorney fees are recoverable under MCL 37.2802; MSA 3.548(802). The subject of this appeal, plaintiff's action, was brought pursuant to the Civil Rights Act. The opinion of this Court is its judgment. MCR 7.215(E)(1). The act permits an award of all costs of litigation including attorney fees when a court renders "a judgment in an action brought pursuant" to the act. MCL 37.2802; MSA 3.548(802). Thus, the language of the statute would support such an award.

The federal Civil Rights Act of 1964 has a similar provision for attorney fees, 42 USC 2000e-5(k). Under it, federal courts have decided that appellate attorney fees are recoverable. See, e.g., *Edwards v Occidental Chemical Corp*, 892 F2d

1442 (CA 9, 1990), and *Lowry v Whitaker Cable Corp,* 472 F2d 1210 (CA 8, 1973). This Court has decided that other statutory provisions regarding attorney fees apply to appellate attorney fees. See *Bloemsma v Auto. Club Ins Ass'n (After Remand),* 190 Mich App 686, 690-691; 476 NW2d 487 (1991) (no-fault act, MCL 500.3148[1]; MSA 24.13148[1]), *Smolen v Dahlmann Apts, Ltd,* 186 Mich App 292, 297-298; 463 NW2d 261 (1990) (Consumer Protection Act, MCL 445.911[2]; MSA 19.418[11][2]), and *Toles v Maneikis,* 162 Mich App 158, 169-170; 412 NW2d 263 (1987) (MCL 554.282; MSA 26.1162).

We find that we have the discretion to award plaintiff appellate attorney fees under the statute. We remand this case to the trial court for determination and award of reasonable appellate attorney fees.[3]

Affirmed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

[3] We make no decision regarding an award of plaintiff's post-judgment attorney fees incurred at the trial court level. Plaintiff has made no such request below, hence there is no decision in that regard for this Court to review.