WINIEMKO v VALENTI

Docket No. 138545. Submitted November 16, 1993, at Lansing. Decided February 7, 1994, at 9:20 A.M. Leave to appeal sought.

Ronald C. Winiemko brought an action in the Oakland Circuit Court against Andrew F. Valenti and Andrew F. Valenti, P.C., seeking damages resulting from an alleged breach of contract and an intentional interference with an advantageous business relationship. The defendants counterclaimed, also alleging a breach of contract. The jury returned a verdict for the plaintiff on some counts and for the defendants on others. Following a setoff with regard to the damages found by the jury, the court, Gene Schnelz, J., granted a judgment for the plaintiff in the amount of $92,228.40, plus interest. The defendants appealed. The plaintiff cross appealed from the court's denial of his motion for cost.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing the plaintiff to amend his complaint to add a new claim of breach of contract before the matter was submitted to the jury. The defendants were not prejudiced by the amendment because the parties' final pretrial order gave them reasonable notice that the plaintiff intended to assert the claim at trial.

2. The trial court did not err in denying the defendants' motion for a directed verdict regarding the plaintiff's claim of tortious interference with a business relationship. The award of damages to the plaintiff with regard to the claim was supported by ample evidence of pecuniary harm. Liability may be imposed upon a defendant for improper conduct that prevents either the plaintiff or a third party from continuing a business relationship, not just conduct by the defendant that causes or induces the third party not to deal with the plaintiff.

3. The trial court erred in failing to instruct the jury, as requested by the defendant, that in order to find tortious interference with a business relationship it must find that the

REFERENCES

Am Jur 2d, Appeal and Error § 810; Interference § 50; Trial § 373.
Liability for interference with at will business relationship. 5 ALR4th 9.

interference was improper. However, the error was harmless in light of the overwhelming evidence adduced at trial that the interference was improper.

4. The trial court did not err in refusing to allow the defendants to present rebuttal testimony that could have been offered in their case in chief.

5. The defendants' claims regarding the determination of the proper amount due the plaintiff for his newly added claim of breach of contract and the plaintiff's claim regarding his motion for costs need not be reviewed because the parties failed to cite supporting authority for the claims.

Affirmed.

1. TORTS — INTERFERENCE WITH BUSINESS RELATIONSHIP.

Tortious interference with a business relationship may be found where improper conduct by a defendant prevents either the plaintiff or a third party from continuing a business relationship between the plaintiff and the third party.

2. APPEAL — JURY INSTRUCTIONS.

The Court of Appeals will reverse a judgment on a verdict on the basis of an erroneous jury instruction only where the failure to reverse would be inconsistent with substantial justice.

3. EVIDENCE — REBUTTAL.

The purpose of rebuttal evidence is to undercut an opponent's case; a party may not introduce evidence competent as part of the case in chief during rebuttal unless permitted to do so by the court; a trial court's decision regarding the admission of rebuttal evidence will be reversed on appeal only where an abuse of discretion is shown.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Patrick Burkett*), for the plaintiff.

*Buesser, Buesser, Blank, Lynch, Fryhoff & Graham* (by *Neil K. Disney* and *William R. Buesser*) (*Bendure & Thomas,* by *Mark R. Bendure,* of Counsel), for the defendants.

Before: GRIFFIN, P.J., and CONNOR and CORRIGAN, JJ.

GRIFFIN, P.J. Defendants appeal as of right from

an order of the circuit court granting judgment to plaintiff in the amount of $92,228.40, plus interest, following a jury trial in this action alleging breach of contract and tort. Plaintiff cross appeals from an order of the circuit court denying his motion for costs. We affirm.

I

On July 10, 1986, plaintiff commenced the instant action seeking an accounting and damages for claims arising from his alleged "partnership" with defendant Andrew F. Valenti in the law firm, Andrew F. Valenti, P.C., between 1975 and 1982. Before trial, plaintiff amended his complaint to allege that he was denied compensation owed by defendants under the parties' partnership agreement and that he was entitled to fees pursuant to a separate agreement regarding a case in the Court of Claims on which both parties worked. Plaintiff also sought damages for Valenti's alleged intentional interference with an advantageous business relationship plaintiff had in 1985 by sending a "lien" letter to one of plaintiff's clients.

On September 9, 1986, defendants counterclaimed against plaintiff for breach of contract. Defendants alleged that plaintiff breached his employment agreement with Andrew F. Valenti, P.C., by taking checks for legal fees owed to the law firm and converting those checks to his own benefit.

At the conclusion of the jury trial held in the present case, plaintiff also argued, on the basis of the testimony at trial, that he was entitled to a percentage of the fees from certain defense cases he had brought into the office. The trial court agreed and allowed the claim to be presented to the jury. Although the jury found that plaintiff

was not a partner in the firm of Andrew F. Valenti, P.C., it determined that plaintiff was entitled to forty percent of the defense fees that he brought into the firm. Additionally, the jury awarded plaintiff $100,000 for his claim of tortious interference. Plaintiff's damages for the tortious interference were set off by the jury's award of $94,000 for defendants' counterclaim for breach of contract.

## II

Defendants first argue on appeal that the trial court erred in allowing plaintiff to amend his complaint after trial to add a new claim of breach of contract. We disagree. Even assuming that defendants properly objected to the admission of the evidence not included within the pleadings at trial, see *Dacon v Transue,* 441 Mich 315, 323-324; 490 NW2d 369 (1992), we find that defendants were not prejudiced by the amendment. Reasonable notice that plaintiff intended to assert the claim at trial was provided to defendants in the parties' final pretrial order entered on January 19, 1989.[1] See *id.* at 334. Accordingly, the trial court did not abuse its discretion in allowing plaintiff to amend his complaint.

## III

Defendants further argue that the trial court

---

[1] The parties' final pretrial order clearly indicated that plaintiff sought recovery under a separate agreement that plaintiff alleged entitled him to forty percent of all defense fees brought into the firm by plaintiff. The pretrial order set out plaintiff's alternative claims:

A) Claimed by Plaintiff

1. A percentage of the law firm's profits for the period of 1/76 to 7/82, the amount of which is not known.

2. 40% of all defense work brought into the firm by Plaintiff. Plaintiff is only able to estimate this amount as $77,673.40. The actual amount may be higher.

erred in refusing to conduct an accounting or to consider office overhead or salary advances in determining the amounts due plaintiff on his newly presented claim of breach of contract. We disagree and decline to review defendants' claims because they have failed to cite any authority to support their claims. See *Patterson v Allegan Co Sheriff,* 199 Mich App 638, 640; 502 NW2d 368 (1993); *Byrne v Schneider's Iron & Metal, Inc,* 190 Mich App 176, 183; 475 NW2d 854 (1991).

IV

Defendants next argue that the trial court erred in denying defendants' motion for a directed verdict regarding plaintiff's claim of tortious interference with a business relationship. We disagree. In reviewing a motion for a directed verdict, we view the evidence and all reasonable inferences in a light most favorable to the nonmoving party, *Bradley v Philip Morris, Inc (On Remand),* 199 Mich App 194, 197; 501 NW2d 246 (1993), to determine whether a question of fact for the jury existed, *Schutte v Celotex Corp,* 196 Mich App 135, 138; 492 NW2d 773 (1992). We will not reverse a trial court's decision to deny a motion for a directed verdict in the absence of an abuse of discretion. *Schutte, supra.*

We reject defendants' contention that plaintiff failed to prove any damages that are compensable under the law. Plaintiff's award of damages for the claim of tortious interference was supported by ample evidence of "pecuniary" harm. Cf. *Getman v Mathews,* 125 Mich App 245, 249; 335 NW2d 671 (1983). Additionally, defendants rely on *Northern Plumbing & Heating, Inc v Henderson Bros, Inc,* 83 Mich App 84, 93; 268 NW2d 296 (1978), quoting 45 Am Jur 2d, Interference, § 50, p 322, to support

their claim that tortious interference with a business relationship only arises under circumstances in which improper conduct by a defendant causes or induces another not to deal with the plaintiff:

> "The basic elements which establish a prima facie tortious interference with a business relationship are the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted. One is liable for commission of this tort who interferes with business relations of another, both existing and prospective, by inducing a third person not to enter into or continue a business relation with another or by preventing a third person from continuing a business relation with another."

In addressing defendants' claim, we note that subsequent panels of this Court have consistently applied the elements of tortious interference set forth in *Northern Plumbing* in accordance with 4 Restatement Torts, 2d, §§ 766B, 767. See *Feaheny v Caldwell,* 175 Mich App 291, 300-301; 437 NW2d 358 (1989); *Bonelli v Volkswagen of America, Inc,* 166 Mich App 483, 499-500; 421 NW2d 213 (1988); *Weitting v McFeeters,* 104 Mich App 188, 197; 304 NW2d 525 (1981). Under the Restatement 2d, liability may be imposed for improper conduct that prevents either party from continuing a business relationship:[2]

---

[2] See also *Eserhut v Heister,* 52 Wash App 515, 518-519; 762 P2d 6 (1988). This Court in *Woody v Tamer,* 158 Mich App 764, 774-775; 405 NW2d 213 (1987), has recognized in imposing liability for the related tort of tortious interference with an existing contractual relationship that a defendant's actions may focus on either party to the contract.

> One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
>
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation, or
>
> (b) preventing the other from acquiring or continuing the prospective relation. [4 Restatement Torts, 2d, § 766B, p 20.]

Here, plaintiff testified at trial that Valenti improperly sent a "lien" letter to plaintiff's major client, Hastings Mutual Insurance Company, approximately three years after the termination of their employment relationship. As a result of the letter, plaintiff did not receive any payment from Hastings for approximately a year. Plaintiff further testified that his business relationship with Hastings ended after he could no longer adequately continue representing Hastings because of the adverse financial effect of the letter.

We agree with the authors of the Restatement 2d, that such acts by a defendant are sufficient to support a claim of tortious interference with a business relationship. A defendant's actions may focus on either party to a business relationship and still result in the imposition of liability on the defendant for an intentional interference. To the extent that our holding conflicts with our prior decision in *Northern Plumbing,* we decline to follow *Northern Plumbing.* Accordingly, we find that the trial court did not abuse its discretion in denying defendants' motion for a directed verdict.

The panel in *Woody* reached its result in reliance on 4 Restatement Torts, 2d, § 766A, p 17. *Id.*

V

Defendants further argue that the trial court erred in rejecting defendants' proposed instruction regarding the claim of tortious interference requiring that the jury find that the interference was improper. We disagree. This Court will not reverse as a result of an erroneous jury charge except where the failure to reverse would be inconsistent with substantial justice. *McLemore v Detroit Receiving Hosp & Univ Medical Center,* 196 Mich App 391, 399; 493 NW2d 441 (1992). Although we agree with defendants that the trial court erred in failing to give the requested instruction, see *Bonelli, supra* at 498-499, we find that the error was harmless in light of the overwhelming evidence adduced at trial that the interference was improper.[3] *McLemore, supra.*

VI

Defendants next contend that the trial court erred in refusing to allow rebuttal testimony to rebut plaintiff's claim that Hastings did not terminate its relationship with plaintiff until after it received the "lien" letter. We disagree. We review decisions regarding the admission of rebuttal testimony for an abuse of discretion. *People v Bettistea,* 173 Mich App 106, 126; 434 NW2d 138 (1988). Rebuttal testimony is used to contradict, explain, or refute evidence presented by the other party in order to weaken it or impeach it. *People v Leo,* 188 Mich App 417, 422; 470 NW2d 423 (1991). The

---

[3] SJI2d 126.04 was added in March 1993 to define improper interference. Our Supreme Court has recently proposed amending SJI2d 126.04 "to make clear that improper interference requires both the absence of justification and the purpose of interfering with plaintiff's contractual rights or plaintiff's business relationship or expectancy." 72 Mich B J 1354 (1993).

purpose of rebuttal evidence is to undercut an opponent's case, and a party may not introduce evidence competent as part of his case in chief during rebuttal unless permitted to do so by the court. See *Sullivan Industries, Inc v Double Seal Glass Co, Inc,* 192 Mich App 333, 348; 480 NW2d 623 (1991). In the present case, the rebuttal testimony offered by defendants could have been introduced during defendants' case in chief. Accordingly, the trial court did not abuse its discretion in ruling that the evidence was inadmissible. *Sullivan Industries, supra.*

VII

On cross appeal, we decline to review plaintiff's claim that the trial court abused its discretion in refusing to grant his motion for costs because he has failed to cite any supporting authority for his claim. This Court will not search for authority to support a party's position. *Patterson, supra; Gubin v Lodisev,* 197 Mich App 84, 92; 494 NW2d 782 (1992).

Affirmed.