THOMAS v JOHN DEERE CORPORATION

Docket No. 149555. Submitted January 5, 1994, at Detroit. Decided May 2, 1994, at 10:10 A.M. Leave to appeal sought.

Thomas L. Thomas brought an action in the Washtenaw Circuit Court against John Deere Corporation, alleging wrongful discharge from employment. The court, Patrick J. Conlin, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

The plaintiff produced evidence from which it is possible to conclude that the defendant had imposed an employment contract that limited its discretion to terminate the plaintiff's employment. However, the same evidence establishes that the defendant reserved for itself the sole authority to decide whether termination was justified. Although the defendant could terminate the plaintiff only for good and just cause, the decision whether good and just cause existed was to be made by the plaintiff's supervisor, the supervisor's superior, and a personnel representative. As long as the determination that just cause existed was made by the designated personnel, it is not possible for the plaintiff to state a claim that the defendant breached the employment contract by terminating the plaintiff's employment. Because the defendant had reserved for itself the authority to determine whether there was good and just cause, and because the defendant had, in the manner provided by the contract, determined that there was good and just cause for terminating the plaintiff's employment, terminating the plaintiff's employment was not a breach of the employment contract.

Affirmed.

MASTER AND SERVANT — TERMINATION FOR CAUSE — CONTRACTS.

The parties to an employment contract are free to bind themselves however they wish; where an employment contract pro-

REFERENCES

Am Jur 2d, Master and Servant § 45; Labor and Labor Relations § 9.

See ALR Index under Discharge From Employment or Office; Labor and Employment.

vides that the employer can terminate the employment only for just cause, and the employer reserves for itself the authority to determine whether there is good and just cause for termination and where the employer determines that there is good and just cause for termination in the manner provided in the contract, the termination of employment is not a breach of the contract.

*Bredell & Bredell* (by *John H. Bredell*), for the plaintiff.

*Howard & Howard Attorneys, P.C.* (by *David C. Coey* and *Matthew J. Coffey*), for the defendant.

Before: REILLY, P.J., and CONNOR and R. M. PAJTAS,* JJ.

CONNOR, J. Plaintiff appeals as of right the trial court's dismissal of his claim of wrongful discharge on defendant's motion for summary disposition brought pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff was a territory manager for defendant for sixteen years. In May of 1990, his supervisor informed him that his performance was unacceptable. He was given a list of objectives that he was to accomplish in six months or his employment would be terminated. In November of 1990, his supervisor informed him that he had failed to meet the defined objectives and that his employment with defendant was being terminated.

Plaintiff sued defendant for wrongful discharge. In his complaint, plaintiff alleged that he had an employment contract with defendant terminable for just cause only and that defendant had breached that contract by terminating his employment without just cause. In response to defendant's motion for summary disposition, the trial court ruled that plaintiff had not produced enough evidence to support his claim that his employment could be terminated only for just cause.

* Circuit judge, sitting on the Court of Appeals by assignment.

On appeal, plaintiff contends that he presented sufficient evidence of a just-cause contract to avoid summary disposition. Under our Supreme Court's decision in *Rood v General Dynamics Corp,* 444 Mich 107, 119-127; 507 NW2d 591 (1993), it is clear that plaintiff did not. Plaintiff's evidence was quite similar to the evidence presented by Mr. Schippers in his companion case in *Rood,* and our Supreme Court held that that evidence was insufficient. *Id.* at 127. However, because it strikes us that calling defendant an at-will employer ignores reality, we think further comment is in order.

*Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), was a ground-breaking decision. However, the heart of the decision was a recognition of something obvious: an employment contract is just a contract. As a rule of construction, employment contracts of indefinite duration are presumed to be terminable at will. *Lynas v Maxwell Farms,* 279 Mich 684, 687; 273 NW 315 (1937). The Court in *Toussaint* was asked to decide whether this presumption renders a contract provision that states that an employee will be terminated only for just cause a nullity. The Court concluded that parties to an employment contract are free to bind themselves however they wish. If an employment contract provides that the employer can terminate the employment only for just cause, then that provision is enforceable, and the employer cannot terminate employment at will. *Id.* at 610.

Subsequent court cases have dealt with the issue regarding when a just-cause provision can be viewed as being a part of an employment contract. See, e.g., *Rood, supra,* and *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627; 473 NW2d 268 (1991). However, they have not changed the fundamental proposition that parties to an employment

contract are free to bind themselves to whatever termination provisions they wish.

Consequently, it is somewhat misleading to talk about employment contracts as being either "at-will" or "just-cause." In some employment contracts, employers choose to retain unfettered discretion to terminate an employee's employment when doing so would not violate the law. In other employment contracts, employers agree to limit their discretion to terminate an employee's employment in some way. Employers and employees are free to bind themselves as they wish, and "at-will" and "just-cause" termination provisions are merely extremes that lie on opposite ends of the continuum of possibilities.

This case involves an employment contract that lies between the two extremes. Plaintiff had not been explicitly promised that he could be fired only for just cause. Like most people, he did not negotiate about job security with his employer, he simply accepted employment at whatever terms defendant chose to impose.

Plaintiff has produced evidence from which it is possible to conclude that defendant had imposed a contract that did limit its discretion to terminate plaintiff's employment. Plaintiff's supervisor admitted that every employee of defendant could be fired only for good and just cause. Defendant's internal policies all take the same position. Defendant held itself out to all its employees, including plaintiff, as a company that would terminate employment only for cause, and it never made any statement that would suggest that it reserved for itself the discretion to terminate employment absent good and just cause.

However, the same evidence relied on to demonstrate that defendant had limited its ability to

terminate plaintiff's employment also establishes that defendant reserved for itself sole authority to decide whether termination was justified. Defendant would terminate plaintiff only for good and just cause. The decision whether good and just cause existed would be made by plaintiff's supervisor, his supervisor's superior, and a personnel representative.[1]

Thus, despite defendant's alleged agreement to terminate plaintiff only for cause, as long as the determination that just cause existed was made by the designated personnel, it is not possible for plaintiff to state a claim that defendant breached plaintiff's employment contract by terminating his employment. Because defendant had reserved for itself the authority to determine whether there was good and just cause, and because defendant had, in the manner provided by the alleged employment contract, determined that there was good and just cause for terminating plaintiff's employment, terminating plaintiff's employment was not a breach of that contract. We are not saying that there was just cause to terminate plaintiff's employment. We are only saying that the particular employment contract alleged by plaintiff does not give courts the authority to second-guess defendant's determination.

Affirmed.

R. M. PAJTAS, J., concurred.

REILLY, P.J., concurred in the result only.

---

[1] This decision-making approach protects defendant's employees from some risks that truly at-will employees face, such as being fired rashly in a fit of pique, and being fired only because of a personality conflict with an immediate supervisor that does not affect job performance.