FOEHR v REPUBLIC AUTOMOTIVE PARTS, INC

Docket No. 147787. Submitted March 23, 1995, at Detroit. Decided May 30, 1995; approved for publication August 17, 1995, at 9:00 A.M.

Donald L. Foehr brought a wrongful discharge action in the Macomb Circuit Court against Republic Automotive Parts, Inc., alleging that termination of employment was contrary to a legitimate expectation of termination for just cause only and constituted impermissible age discrimination under the Civil Rights Act, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). The court, George E. Montgomery, J., summarily dismissed the age discrimination claim, but entered judgment on a jury verdict awarding past and future damages for the claim of employment terminable for just cause only. The defendant appealed, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. The trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict. The plaintiff presented sufficient evidence, based on a legitimate expectations theory, that, as a corporate officer, he was subject to the policies expressed in the defendant's employment policy manual and that the manual created employment that was terminable for just cause only. The policy manual also supported the plaintiff's theory that, even if he was removed as an officer of the corporation, he had a legitimate expectation that he would be placed in another position for which he was qualified if any were available.

2. The trial court did not err in denying the defendant's motion for a new trial with regard to future damages. The adequacy of the plaintiff's efforts at mitigating damages by obtaining other employment after discharge and testimony about bonuses and raises the plaintiff would have received had he remained employed by the defendant were properly considered by the jury in deciding future damages.

3. The trial court did not err in instructing the jury about the plaintiff's legitimate expectation of employment terminable for just cause only, in reading SJI2d 110.05 and 110.07 to the jury, in refusing to instruct the jury about Delaware law in the absence of reasonable notice thereof to the plaintiff, and in

reading SJI2d 53.03 to the jury regarding the reduction of future damages to present value.

4. The trial court did not abuse its discretion in not allowing the defendant to present evidence of its revised employment policy manual and its corporate bylaws. The revisions were made after the plaintiff's discharge, rendering them irrelevant to the plaintiff's claim, and cannot constitute effective unilateral policy changes in the absence of reasonable notice to the plaintiff, good faith, and economic necessity. The bylaws were of questionable relevance and were not made available to the plaintiff until after discovery had closed despite a request for them during discovery. The trial court did not abuse its discretion in excluding as irrelevant and cumulative the testimony of one witness and in allowing the testimony of another witness as rebuttal concerning mitigation of damages.

5. The trial court erred in granting summary disposition of the claim of age discrimination. The plaintiff presented a prima facie case of age discrimination by showing that he was qualified for the position from which he was discharged and that there was a pattern of discharging older employees and replacing them with younger ones. Because the plaintiff claimed damages for discrimination that were not reflected in the verdict, the case must be remanded for further proceedings regarding the age discrimination claim.

Affirmed in part, reversed in part, and remanded.

*Stark & Gordon, P.C.* (by *Deborah L. Gordon*) (*Bendure & Thomas,* by *Mark R. Bendure,* of Counsel), for the plaintiff.

*Vandeveer Garzia, P.C.* (by *Robert D. Brignall, C.F. Boyle, Jr.,* and *Hal O. Carroll*), for the defendant.

Before: CONNOR, P.J., and WAHLS and HOEKSTRA, JJ.

PER CURIAM. In this wrongful discharge action, the jury found for plaintiff. He was awarded past damages of $262,413 and future damages of $692,603. Defendant appeals as of right from the final judgment. Plaintiff has also filed a cross appeal. We affirm the jury's verdict, but reverse the trial

court's decision to grant defendant summary disposition of plaintiff's claim of age discrimination.

Defendant first claims error in the trial court's decision to deny its motion for judgment notwithstanding the verdict. We disagree. Plaintiff presented sufficient evidence, based upon a legitimate expectations theory, that he was subject to the policies expressed in defendant's employment policy manual and that the manual created an employment contract that was terminable for just cause only. There was evidence that the policy manual applied to all employees who received a wage or salary from defendant. Officers of the corporation were not excluded. Therefore, it was a jury question whether the policy manual applied to plaintiff and whether it created a legitimate expectation that the employer would discharge employees for just cause only. *Rood v General Dynamics Corp*, 444 Mich 107, 117-118, 140-141; 507 NW2d 591 (1993); *Rice v ISI Mfg, Inc*, 207 Mich App 634, 636; 525 NW2d 533 (1994).

The policy manual also supported plaintiff's theory that, even if he was removed as an officer of the corporation, he had a legitimate expectation that he would be placed in another position in the company unless a position for which he was qualified was not available. It had been defendant's practice over the years when jobs were eliminated to permit displaced employees to accept new assignments within the corporation. Accordingly, even though his term as a corporate officer was subject to an annual vote by the board, his wrongful discharge action was adequately supported by the evidence and the trial court did not err in submitting his case to the jury. *Rood, supra; Barnell v Taubman Co, Inc*, 203 Mich App 110, 116; 512 NW2d 13 (1993), lv gtd 447 Mich 990 (1994).

Furthermore, we do not agree with defendant

that plaintiff's employment involved nothing more than a satisfaction contract. *Mitchell v General Motors Acceptance Corp,* 176 Mich App 23, 32; 439 NW2d 261 (1989). When the language of defendant's policy manual is read in a light most favorable to plaintiff, he had a reasonable, legitimate expectation that he would not have his employment terminated except for just cause. What constituted just cause was not left to defendant to decide. Compare *Thomas v John Deere Corp,* 205 Mich App 91, 94-95; 517 NW2d 265 (1994).

Plaintiff was not required to produce evidence of mutual assent to have his case reach the jury. He premised his wrongful discharge action on a public policy theory rather than a contract theory. *Rood, supra,* pp 117-119; *Barnell, supra,* pp 116, 119.

The jury's verdict was not against the great weight of the evidence. *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985). First, as we have previously discussed, the jury could have found that plaintiff was entitled to continued employment even if defendant's new chief executive officer wanted to bring in his own people to serve as officers. Second, the jury could have found that defendant's reasons for terminating plaintiff's employment were a pretext. The decision was apparently made with little or no regard for plaintiff's demonstrably excellent record, and plaintiff testified that he was told that his performance was not a reason for his termination.

The trial court did not err in denying the motion for a new trial with regard to future damages. Plaintiff presented evidence that he mitigated his damages, but was not able to either find a comparable permanent position or earn the same pay when working as an independent financial consultant. *Renny v Port Huron Hosp,* 427 Mich 415, 438-439; 398 NW2d 327 (1986); *Kocenda v Arch-*

*diocese of Detroit,* 204 Mich App 659, 665; 516 NW2d 132 (1994). It was also for the jury to decide if plaintiff was subsequently fired from another job for incompetence. The jury's award was supported by the evidence. *Rice, supra,* p 638.

Testimony about possible bonuses or raises that plaintiff might have received in the future was not speculative and was properly admitted. The evidence was based upon defendant's past practices of awarding bonuses and merit increases. Moreover, plaintiff was also entitled to have the jury consider an award of future damages beyond one year. As discussed previously, the jury heard evidence that plaintiff could have reasonably expected to remain employed with defendant beyond one year even if he was removed from his position as a corporate officer. *Rice, supra.*

We also find no error with the jury instructions given in this case. First, no error can be predicated upon the Supreme Court's decision in *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627; 473 NW2d 268 (1991). That decision involves oral contracts for job security. Plaintiff's theory was primarily dependent upon the policy manual and defendant's practices. The instructions were consistent with substantial justice and do not warrant reversal. *McLemore v Detroit Receiving Hosp,* 196 Mich App 391, 399; 493 NW2d 441 (1992).

The trial court instructed the jury consistent with SJI2d 110.05 and 110.07. Defendant has not delineated any error in regard to these instructions. Nor has defendant demonstrated why the court's decision not to give defendant's proposed instructions was error. Defendant has failed to provide this Court with a copy of the transcript of the closing arguments. Consequently, we are unable to determine that the standard jury instructions were inadequate to address the theories in

this case. *Admiral Ins Co v Columbia Casualty Ins Co,* 194 Mich App 300, 305; 486 NW2d 351 (1992).

We find no error requiring reversal regarding the instructions addressing employment terminable at will and satisfaction contracts. Although the trial court relied upon a "reasonableness" standard for satisfaction contracts, when "good faith" is the test, the difference in these terms is insignificant and does not require reversal. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 622-623; 292 NW2d 880 (1980); *Schmand v Jandorf,* 175 Mich 88, 95-96; 140 NW 996 (1913); *McLemore, supra,* pp 400-401; SJI2d 110.11.

The verdict form used did not foreclose the jury from considering the defense theories that plaintiff's employment was at-will or pursuant to a satisfaction contract. The form was not intended to take the place of the jury instructions and it simply required the jury to indicate if plaintiff had met his burden.

The court properly refused to instruct regarding Delaware law because that subject was not raised until the parties were discussing the proposed jury instructions. Pursuant to MCL 600.2114a; MSA 27A.2114(1), the trial court had the authority to refuse to instruct regarding Delaware law because reasonable notice was not provided to plaintiff. Furthermore, defendant's proposed instruction would have offered little help, if any, to the jury.

The trial court properly relied on SJI2d 53.03 to reduce the future damages to present value. This Court has applied SJI2d 53.03 to employment claims, including wrongful discharge actions. *Howard v Canteen Corp,* 192 Mich App 427, 441; 481 NW2d 718 (1992); *Goins v Ford Motor Co,* 131 Mich App 185, 201; 347 NW2d 184 (1983). The use of the five percent rate also did not deny defendant due process. *Verbison v Auto Club Ins Ass'n,*

201 Mich App 635, 638; 506 NW2d 920 (1993); *Klco v Dynamic Training Corp,* 192 Mich App 39, 42; 480 NW2d 596 (1991).

Defendant contends that the trial court abused its discretion in various evidentiary rulings made. We review the trial court's decision to admit evidence for an abuse of discretion. *Wolff v Automobile Club of Michigan,* 194 Mich App 6, 14; 486 NW2d 75 (1992).

Defendant first argues that the trial court erred in excluding evidence of its revised personnel manual. The manual was revised after plaintiff's employment was terminated. Nonetheless, defendant maintains that the evidence was relevant with regard to the issue of damages because, in light of the revised policies, plaintiff did not have a legitimate expectation of continued future employment. We disagree.

In order for an employer's unilateral policy changes to become legally effective, reasonable notice must be provided to the affected employees. *In re Certified Question,* 432 Mich 438, 457; 443 NW2d 112 (1989). In this instance the employment relationship between the parties had terminated before the adoption of the revised manual. Therefore, plaintiff did not have notice of the change, nor did he accept the revised terms. *Id.,* pp 446-447, 450. Furthermore, there was no showing by defendant that the policy changes were made in good faith or were economically necessary. Cf. *Neubacher v Globe Furniture Rentals, Inc,* 205 Mich App 418; 522 NW2d 335 (1994). The trial court did not abuse its discretion in refusing to admit this evidence. The evidence was not relevant to plaintiff's claim for future damages. An employer cannot be permitted to rely on posttermination changes in its policies without good reason, such as economic necessity. *Id.* Otherwise, an em-

ployer could change its policies specifically to avoid having to pay future damages.

The trial court also did not abuse its discretion in refusing to admit into evidence defendant's corporate bylaws. Defendant waited until after discovery was closed to produce the bylaws although they were requested during discovery. Defendant properly was barred from using the bylaws at trial in order to support a new theory of which plaintiff was previously unaware. *Barlow v John Crane-Houdaille, Inc,* 191 Mich App 244, 251; 477 NW2d 133 (1991). Finally, the actual bylaws were of questionable relevance because they pertained only to the removal of officers, which plaintiff did not dispute. Moreover, other evidence regarding the content of the bylaws was admitted at trial.

The trial court did not abuse its discretion in excluding the testimony of Thomas Orsi. *Wolff, supra,* p 14. His testimony was both irrelevant and cumulative.

Defendant also cites as error the trial court's decision to allow William Wright to testify on rebuttal. We find no abuse of discretion. *Winiemko v Valenti,* 203 Mich App 411, 418; 513 NW2d 181 (1994). Wright's testimony was clearly within the area of rebuttal evidence because it was offered to address the affirmative defense of whether plaintiff had mitigated his damages. *Rasheed v Chrysler Corp,* 445 Mich 109, 120-123; 517 NW2d 19 (1994); *Sullivan Industries, Inc v Double Seal Glass Co, Inc,* 192 Mich App 333, 348; 480 NW2d 623 (1991). Furthermore, plaintiff relied upon defense counsel's statements that Wright would be called by defendant. We therefore find no abuse of discretion by the trial court in allowing Wright to testify on rebuttal.

Plaintiff's only issue in his cross appeal concerns

summary disposition of his age discrimination claim pursuant to MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). The trial court addressed the motion under both MCR 2.116(C)(8) and (10). However, because the court went beyond the pleadings in deciding the motion, the motion appears to have been granted under MCR 2.116(C)(10), no genuine issue of material fact. *Kreager v State Farm Mutual Automobile Ins Co,* 197 Mich App 577, 579; 496 NW2d 346 (1992).

The trial court correctly determined that plaintiff was required to show that age was a significant factor in the firing decision, not a determining factor, to establish a prima facie case of age discrimination. *Matras v Amoco Oil Co,* 424 Mich 675, 684; 385 NW2d 586 (1986). Defendant did not terminate plaintiff's employment for economic reasons. Plaintiff, therefore, did not have to meet the higher burden of proof. *Id.; Wolff, supra,* p 11.

We agree with plaintiff that the trial court erred in ruling that he did not present a prima facie case of intentional age discrimination. Plaintiff was qualified for the position. He produced evidence that showed there was a pattern of discharges of older employees. Those positions were then filled by younger employees. Most of the individuals who remained employees of defendant were in their thirties or forties. Plaintiff was fifty-five years old when his employment was terminated. His position was subsequently filled by a man who was forty-four years old. Thus, he established a prima facie case of age discrimination. *Lytle v Malady,* 209 Mich App 179, 185; 530 NW2d 135 (1995); *Barnell, supra,* p 120. Furthermore, whether defendant's legitimate, nondiscriminatory reasons for the discharge were a pretext was a question of fact.

Because plaintiff claimed additional damages for

his discrimination claim that were not reflected in the wrongful discharge verdict, we remand this matter for further proceedings regarding the discrimination claim. See *Phillips v Butterball Farms Co, Inc (After Second Remand)*, 448 Mich 239, 250, n 30; 531 NW2d 144 (1995); *Howard, supra,* p 435.

Affirmed with respect to the jury's verdict concerning wrongful discharge, but reversed and remanded for further proceedings with respect to the trial court's decision to grant summary disposition of plaintiff's age discrimination claim. We do not retain jurisdiction.