BRADLEY v PHILIP MORRIS, INC

Docket Nos. 112019, 112807. Submitted June 11, 1991, at Detroit.
Decided October 29, 1991; approved for publication April 28,
1992, at 9:00 A.M.

Ronald Bradley and Cynthia Carsley brought an action in the
Oakland Circuit Court against Philip Morris, Inc., and its
supervisors, W. Allen Graham and Barry Hopkins, alleging
wrongful discharge and tortious interference with a contractual
relationship. The plaintiffs had been discharged after engaging
in sexual intercourse in the presence of a fellow employee in a
hotel room provided by Philip Morris for the purpose of enter-
taining its clients. The court, Jessica R. Cooper, J., excluded
evidence of alleged previous sexual misconduct of the plaintiffs
and evidence indicating Philip Morris' concern regarding its
potential liability to the plaintiffs' fellow employee under a
claim of unlawful sexual discrimination based on a hostile work
environment. In excluding the evidence, the court ruled that it
was irrelevant because it was discovered by Philip Morris after
the employment had been terminated. The jury returned a
verdict for the plaintiffs on both claims and awarded damages.
The court subsequently denied the defendants' motion for
judgment notwithstanding the verdict and the plaintiffs' motion
for costs and attorney fees incurred in responding to the
defendants' posttrial motions. The defendants' and the plain-
tiffs' appeals from the denials were consolidated.

The Court of Appeals *held:*

1. The trial court abused its discretion in excluding evidence
of the alleged earlier misconduct of the plaintiffs. Evidence of
employee misconduct occurring before termination of employ-
ment is admissible as substantive evidence even if the former
employer did not know of the misconduct until after termina-
tion.

2. The trial court likewise abused its discretion in excluding

REFERENCES

Am Jur 2d, Civil Rights §§ 154 *et seq.*; Contracts § 289; Master and
Servant §§ 49 *et seq.*

When is work environment intimidating, hostile, or offensive, so as
to constitute sexual harassment in violation of Title VII of Civil
Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.). 78
ALR Fed 252.

evidence of Philip Morris' concern over a possible sexual harassment claim by the plaintiffs' fellow employee. The exclusion of the evidence precluded the jury from fully considering the reasons for the termination of the plaintiffs' employment and whether just cause existed.

3. The trial court's evidentiary rulings require reversal of the judgment against Philip Morris and a new trial with regard to the claim of wrongful discharge.

4. Reversal of the judgment against defendants Graham and Hopkins is also required. In order to maintain an action for tortious interference with a contract, a plaintiff must establish that the defendant instigated the breach of contract and did so without justification. The defendant is not liable if, as in this case, the defendant is a corporate agent or officer who acted on the employer's behalf. A new trial against Graham and Hopkins is precluded in light of incontrovertible evidence that they acted not for their benefit but for the benefit of Philip Morris.

Reversed and remanded.

1. MASTER AND SERVANT — TERMINATION OF EMPLOYMENT — JUST CAUSE.

Just cause for termination may include facts and circumstances existing at the time of termination but not known to the employer.

2. CIVIL RIGHTS — SEXUAL HARASSMENT — HOSTILE WORK ENVIRONMENT.

An employer accused of sexual harassment on the basis of a hostile work environment may avoid liability if it adequately investigated and took prompt and appropriate remedial action upon notice of the alleged hostile work environment.

3. TORTS — INTERFERENCE WITH CONTRACTS — EMPLOYMENT CONTRACTS.

A corporate officer or agent who disciplines or discharges an employee is liable for tortious interference with a contract only where the officer or agent acted for personal benefit and not for the benefit of the corporate employer.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kathleen L. Bogas*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *W. Mack Faison, Gerald E. Rosen,* and *Diane M. Soubly*), for the defendants.

Before: JANSEN, P.J., and SULLIVAN and WEAVER, JJ.

SULLIVAN, J. Plaintiffs' suit against their former employer, defendant Philip Morris, Inc., and two of its employees, defendants W. Allen Graham and Barry Hopkins, arose out of the termination of plaintiffs' employment. Plaintiffs alleged wrongful discharge and tortious interference with contractual relationships. Following a jury trial, the jury returned a verdict for plaintiffs on both theories. Plaintiff Bradley was awarded $906,000 against Philip Morris, $10,600 against Hopkins, and $14,500 against Graham. Plaintiff Carsley was awarded $500,000 against Philip Morris, $10,600 against Hopkins, and $14,500 against Graham. A judgment was entered in accordance therewith. Defendants' posttrial motions were denied. They now appeal as of right. We reverse and remand for a new trial on plaintiffs' claims against Philip Morris, and reverse the judgment against defendants Graham and Hopkins with no new trial.

At the outset, we note that reversal of the judgment against Philip Morris is based on the exclusion of evidence we believe Philip Morris was entitled to present to the jury for a proper determination—evidence of misconduct of plaintiffs, which was not discovered until after their employment was terminated, and evidence of Philip Morris' duties under title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.*, and the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*

The termination of plaintiffs' employment arose out of events that allegedly occurred on a Detroit Grand Prix weekend in a hotel room paid for by Philip Morris. Philip Morris arranged to have hotel rooms available in the Westin Hotel for its employees and for the purpose of entertaining

clients. Plaintiff Ronald Bradley and defendants Graham and Hopkins all were supervisors in Philip Morris' Farmington Hills office.

On the evening in question, two secretaries who worked in the Farmington Hills office—plaintiff Cynthia Carsley and Gina Stauch—met other Philip Morris employees in the Renaissance Center for drinks. Bradley, Carsley, and Stauch ended up in Bradley's hotel room, which was paid for by Philip Morris. Briefly put, Stauch alleged that she fell asleep in a chair in the room, and when she awoke a few hours later, Bradley and Carsley were having sexual intercourse in the bed located a few feet away.

Out of concern over what would happen if they knew she had seen them, Stauch ignored the situation. Eventually, however, Stauch's allegations were made known to Graham and Hopkins. Stauch's work performance and attitude had allegedly declined and she no longer respected Bradley or Carsley. Graham testified that he believed Bradley was favoring Carsley by not assigning her work when she did not appear to be busy. Although Bradley and Carsley testified that they did not have sexual intercourse on the night in question, they were both fired for misconduct—offensive action to another employee.

Plaintiffs' theory at trial was threefold. First, they argued that Stauch had lied, they did not have intercourse in the hotel room in front of Stauch, and therefore just cause to terminate their employment did not exist. Then they argued that, even if Stauch was not lying, the misconduct was not work-related. Finally, they argued that Philip Morris did not follow its six-step procedure in terminating their employment—the rules were not uniformly applied as promised. The jury found in favor of plaintiffs.

Before trial, plaintiffs moved to exclude any evidence of previous misconduct that was discovered after their employment was terminated. The trial court ruled that such evidence was irrelevant and highly prejudicial. We disagree.

Evidence of employee misconduct occurring before termination is admissible as substantive evidence even if the former employer did not know of the misconduct until after the termination. Just cause for termination may include facts and circumstances existing at termination but not known to the employer. See 53 Am Jur 2d, Master and Servant, § 46, pp 120-121; *Leahey v Federal Express Corp,* 685 F Supp 127 (ED Va, 1988); *Summers v State Farm Mutual Automobile Ins Co,* 864 F2d 700, 708 (CA 10, 1988); and *Pugh v See's Candies, Inc,* 203 Cal App 3d 743; 250 Cal Rptr 195 (1988). Moreover, this type of evidence is relevant to the issue of damages. Having reviewed the record, we conclude that the trial court abused its discretion in excluding this type of evidence and in not permitting defendants' attorney to make a corresponding argument to the jury.

Furthermore, the trial court precluded defendants' attorney from presenting evidence regarding defendants' duties under title VII and the Civil Rights Act with regard to claims of sexual harassment and defendants' concern over its potential liability to Stauch.[1] An employer may avoid liability for a sexual discrimination claim based on a

---

[1] During the direct examination of Philip Morris' director of employee relations, defendants' attorney asked the witness whether under the circumstances of this case the company had "any liabilities, vis-a-vis Title Seven of the Civil Rights Act of 1964." The witness answered definitely. But plaintiffs' subsequent objection was sustained because this was not a title VII action, and the question was withdrawn. Moreover, on redirect examination, the same witness testified that the company was worried about its liability to Stauch if the company failed to do anything about her complaints. Plaintiffs' objection was again sustained.

hostile work environment if it adequately investigated and took prompt and remedial action upon notice of the alleged hostile work environment. *Downer v Detroit Receiving Hosp,* 191 Mich App 232; 477 NW2d 146 (1991).

In the recent decision in *Reisman v Regents of Wayne State University,* 188 Mich App 526; 470 NW2d 678 (1991), involving reverse discrimination, a panel of this Court held that the trial court's instruction that if race was at least one of the reasons for not renewing the plaintiff's contract, the defendant could not avoid liability to the plaintiff by claiming that the defendant's acts were done pursuant to an unapproved affirmative action plan precluded the jury from considering the defendant's possible affirmative action motivation as a justification for the decision not to renew the plaintiff's contract. The Court reasoned that unapproved affirmative action plans are not invalid and that actions taken pursuant to such plans are not discriminatory per se. To hold that an unapproved plan is void ignores the purpose of the Civil Rights Act and fails to consider the duty of public employers under the federal constitution to implement affirmative action programs to remedy the effects of past discrimination. *Id.,* p 537.

As in *Reisman,* the trial court in this case precluded a "defense" from being presented to the jury, resulting in error requiring reversal. We believe that the trial court's exclusion of evidence of defendants' concern over its potential liability to Stauch for a possible sexual harassment claim precluded the jury from fully considering defendants' reasons for terminating plaintiffs' employment and whether just cause existed. It is not enough that an employer acted in good faith or was not unreasonable in discharging an employee. Instead, the jury must determine whether the

reason for discharge amounted to good cause. *Renny v Port Huron Hosp,* 427 Mich 415, 429; 398 NW2d 327 (1986). The evidence sought to be admitted in this case was relevant to determinations the jury was required to make.

Because of the exclusion of these two types of evidence, a new trial is warranted with regard to plaintiffs' wrongful discharge claim.

We also reverse the judgment against individual defendants Graham and Hopkins. However, a new trial is not warranted. Instead, we hold that the trial court erred in not granting judgment notwithstanding the verdict.[2]

To maintain a cause of action for tortious interference with a contract, a plaintiff must establish that the defendant instigated the breach of a contract and did so without justification. *Henry v Hosp & Health Services Credit Union,* 164 Mich App 90, 94; 416 NW2d 338 (1987); *Dzierwa v Michigan Oil Co,* 152 Mich App 281, 287; 393 NW2d 610 (1986). The defendant is not liable if, as here, he is a corporate agent or officer and if he acted on his employer's behalf. In other words, the defendant who is a corporate officer or agent is liable for tortious interference only if he acted for his own benefit with no benefit to the corporation. See *Stack v Marcum,* 147 Mich App 756, 759-760;

---

[2] The standard of review is:

A trial court's denial of a motion for judgment notwithstanding the verdict is reviewed to determine whether there are material issues of fact upon which reasonable minds might differ. *Means v Jowa Security Services,* 176 Mich App 466, 471; 440 NW2d 23 (1989). In deciding a motion for directed verdict or for judgment notwithstanding the verdict, a trial court must examine the testimony and all legitimate inferences that may be drawn from that testimony in a light most favorable to the nonmoving party. When the evidence is such that reasonable jurors could disagree, neither the trial court nor this Court may substitute its judgment for that of the jury. *Means, supra.* [*Lester N Turner, PC v Eyde,* 182 Mich App 396, 398; 451 NW2d 644 (1990).]

382 NW2d 743 (1985), and *Tash v Houston,* 74 Mich App 566, 571-574; 254 NW2d 579 (1977).

In this case, even viewing the evidence in a light most favorable to plaintiffs—the nonmoving party —we conclude that reasonable minds could not differ over whether Graham and Hopkins were acting for the benefit of Philip Morris or for their own personal benefit with no benefit to Philip Morris. The evidence and the inferences to be drawn therefrom failed to show that Graham's and Hopkins' actions were based on personal motivation and that the actions were for their personal benefit. The judgment against Graham and Hopkins is reversed.

This matter is remanded for a new trial on the wrongful discharge claim only.