BRADLEY v PHILIP MORRIS, INC (ON REMAND)

Docket No. 155142, 155143. Submitted August 12, 1992, at Lansing. Decided April 5, 1993, at 10:40 A.M. Leave to appeal sought.

Ronald Bradley and Cynthia Carsley, former employees of Philip Morris, Inc., brought a wrongful-discharge action in the Oakland Circuit Court against Philip Morris and two of its supervisors, alleging that employment had been terminated in violation of agreements providing for termination only for just cause and that the supervisors had tortiously interfered with the plaintiffs' contractual relationship with Philip Morris. A jury awarded damages to the plaintiffs. The court, Jessica R. Cooper, J., which earlier had denied directed verdicts for the defendants, denied their motion for judgment notwithstanding the verdicts. The Court of Appeals, Jansen, P.J., and Sullivan and Weaver, JJ., reversed and remanded for a new trial against Philip Morris only, holding that the trial court had abused its discretion in excluding certain evidence of prior misconduct by the plaintiffs and that the claim against the supervisors of tortious interference with a contractual relationship was precluded because they had acted solely as agents of Philip Morris. 194 Mich App 44 (1992). The Supreme Court denied the plaintiffs leave to appeal and, in lieu of granting the defendants leave to cross appeal, remanded the case to the Court of Appeals for consideration of whether the trial court had erred in denying Philip Morris' motions for a directed verdict and judgment notwithstanding the verdict. 440 Mich 870 (1992).

On remand, the Court of Appeals held:

The trial court correctly denied Philip Morris' motions. Where, as in this case, an employer establishes written policies and procedures for the discharge of employees, but does not expressly retain the right to terminate them at will, the existence of a contract providing for just-cause termination is a question of fact properly decided by the jury.

Reversed and remanded for a new trial.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C. (by Kathleen L. Bogas and Barbara M. Robinson), for the plaintiffs.*

*Miller, Canfield, Paddock & Stone* (by *W. Mack Faison, Gerald E. Rosen, Diane Soubly,* and *Claudia Roberts Ellmann*), for the defendants.

### ON REMAND

Before: JANSEN, P.J., and SULLIVAN and WEAVER, JJ.

SULLIVAN, J. In a prior per curiam opinion, we reversed a jury verdict in this matter and ordered a new trial. 194 Mich App 44; 486 NW2d 48 (1991). The Supreme Court denied the plaintiffs' application for leave to appeal; in lieu of granting leave on the defendants' cross appeal, the Court vacated in part the judgment of this Court. On remand, this Court is ordered to consider defendants' argument that they should have been awarded a directed verdict or a judgment notwithstanding the verdict on the plaintiffs' causes of action. 440 Mich 870 (1992). We now consider the defendants' contention and again remand for a new trial.

We repeat, in part, the facts from the prior opinion:

> The termination of plaintiffs' employment arose out of events that allegedly occurred on a Detroit Grand Prix weekend in a hotel room paid for by Philip Morris. Philip Morris arranged to have hotel rooms available in the Westin Hotel for its employees and for the purpose of entertaining clients. Plaintiff Ronald Bradley and defendants Graham and Hopkins all were supervisors in Philip Morris' Farmington Hills office.
>
> On the evening in question, two secretaries who worked in the Farmington Hills office—plaintiff Cynthia Carsley and Gina Stauch—met other Philip Morris employees in the Renaissance Center for drinks. Bradley, Carsley, and Stauch ended

up in Bradley's hotel room, which was paid for by Philip Morris. Briefly put, Stauch alleged that she fell asleep in a chair in the room, and when she awoke a few hours later, Bradley and Carsley were having sexual intercourse in the bed located a few feet away.

Out of concern over what would happen if they knew she had seen them, Stauch ignored the situation. Eventually, however, Stauch's allegations were made known to Graham and Hopkins. Stauch's work performance and attitude had allegedly declined and she no longer respected Bradley or Carsley. Graham testified that he believed Bradley was favoring Carsley by not assigning her work when she did not appear to be busy. Although Bradley and Carsley testified that they did not have sexual intercourse on the night in question, they were both fired for misconduct—offensive action to another employee. [194 Mich App 46-47.]

Defendants argue that plaintiffs were in fact at-will employees subject to discharge at any time and that plaintiffs therefore could not establish subjectively or objectively that their contracts of employment were terminable for just cause only. Therefore, the defendants argue that the trial court should have entered a directed verdict of no cause of action or a judgment notwithstanding the verdict. The primary purpose of the Supreme Court's remand was to consider this question.

*Snell v UACC Midwest, Inc,* 194 Mich App 511, 512; 487 NW2d 772 (1992), states:

Oral contracts of employment for an indefinite term are presumed to be terminable at the will of either party. This presumption can be overcome, however, by the existence of an express agreement to the contrary, or by the employee's legitimate expectations of continued employment absent "just cause" for termination arising from the employer's

established policies and procedures. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). To infer that an employment contract provides for termination only for just cause, the employee must have an objective expectation of continued employment, not merely a subjective one. *Grow v General Product, Inc,* 184 Mich App 379, 382-384; 457 NW2d 167 (1990).

*Wilson v General Motors Corp,* 183 Mich App 21, 36; 454 NW2d 405 (1990), stated the well-recognized rule that a motion for judgment notwithstanding the verdict shall be granted only where the evidence presented is insufficient to create an issue for the jury. In deciding a motion for a directed verdict, the evidence and all reasonable inferences are to be viewed most favorably to the nonmoving party. *Shipman v Fontaine Truck Equipment Co,* 184 Mich App 706, 711; 459 NW2d 30 (1990).

Where, as here, the employer has not expressly and unambiguously reserved the right to terminate its employees at will, a question of fact is created that must be decided by a jury.

Particularly significant is the fact that four of the defendants' current and former employees testified at trial that Philip Morris has a policy of just-cause employment, and not an at-will employment policy. Significant, too, is the document entitled "DDD (Discipline Documentation and Discharge)," which states: "Philip Morris does not use the employment at-will doctrine in making employment decisions." The Michigan Supreme Court has previously ruled that where an employer establishes written policies and procedures by which to discharge employees but does not expressly

retain the right to terminate employees at will, the existence of a just-cause contract is a question of fact for the jury. *Renny v Port Huron Hosp,* 427 Mich 415, 417-418; 398 NW2d 327 (1986).

We therefore again remand the matter to the trial court for a new trial.