## PEOPLE v BARAJAS

Docket No. 96159. Decided February 11, 1994. On application by the
  people for leave to appeal, the Supreme Court, in lieu of
  granting leave, affirmed the judgment of the Court of Appeals.

Arturo C. Barajas was convicted by a jury in the Calhoun Circuit
  Court, James C. Kingsley, J., of conspiracy to possess 650 or
  more grams of a mixture containing cocaine. The Court of
  Appeals, D. E. HOLBROOK, JR., P.J., and MACKENZIE and
  SAWYER, JJ., reversed in an opinion per curiam, holding that
  there was insufficient evidence of conspiracy and that the separ-
  ately packaged cocaine and baking soda, delivered to the de-
  fendant by the seller to create the illusion of a larger amount
  of cocaine, did not constitute a mixture (Docket No. 124795).
  The prosecutor seeks leave to appeal.

  In a memorandum opinion, signed by Chief Justice
CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN,
and MALLETT, the Supreme Court held:

  The judgment of the Court of Appeals is affirmed; however,
the analysis employed by the Court of Appeals is limited
strictly to the facts of the case.

  Affirmed.

  Justice LEVIN, dissenting, stated that the precedential force
or effect of an opinion of the Court of Appeals should not be set
aside absent a determination by this Court or the United States
Supreme Court that the Court of Appeals erred. Such a deci-
sion should not be lightly made, and clearly should not be
made without plenary consideration, and the resulting notice to
other persons who might seek to file a brief as amicus curiae,
and who might be favorably or adversely affected by an affir-
mance or reversal of the decision.

  The opinion of the majority does not indicate how the Court
of Appeals might have erred in its analysis. Denial of the
precedential force or effect of an opinion of the Court of
Appeals avoids compliance with the constitutional imperative
that decisions of the Supreme Court are to be in writing and
are to contain a concise statement of the facts and reasons for
each decision and reasons for each denial of leave to appeal.

  198 Mich App 551; 499 NW2d 396 (1993) affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon Sahli,* Prosecuting Attorney, and *Nancy Mullett,* Assistant Prosecuting Attorney, for the people.

*Gemrich, Moser, Bowser, Fette & Lohrmann* (by *Scott Graham*) for the defendant.

MEMORANDUM OPINION. The defendant was convicted of conspiracy to possess 650 or more grams of a mixture containing cocaine. MCL 750.157a, 333.7403(2)(a)(i); MSA 28.354(1), 14.15(7403)(2)(a)(i). He was then sentenced to a life term of imprisonment.

The defendant attempted to purchase a large amount of cocaine, but the seller evidently intended to cheat him. Thus, the seller delivered a much smaller amount of cocaine in a package that was physically arranged to create the illusion of a larger amount. One feature of the package was that the small amount of cocaine was kept separate from a much larger quantity of baking soda.

The Court of Appeals reversed the defendant's conviction because there was insufficient evidence of conspiracy (it was not proven that the seller ever intended to provide the promised amount), and because the separately packaged cocaine and baking soda did not constitute a "mixture."[1] 198 Mich App 551, 558; 499 NW2d 396 (1993). The prosecutor appeals.[2]

We affirm the judgment of the Court of Appeals. MCR 7.302(F)(1). However, we emphasize that the analysis employed by the Court of Appeals is limited strictly to the facts of this case.

---

[1] The statute imposes liability for possessing "an amount of 650 grams or more of any mixture containing that controlled substance . . . ." MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i).

[2] We also grant the defendant's motion for immediate consideration.

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY,
GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). I would deny leave to
appeal rather than purport to "affirm the judg-
ment of the Court of Appeals" with the flag that
the Court emphasizes "that the analysis employed
by the Court of Appeals is limited strictly to the
facts of this case."

The Court does not indicate how the Court of
Appeals might have erred in its analysis.

Today's decision is similar to today's decisions in
*Bernthal v Aetna Casualty & Surety Co*, 444 Mich
1216 (1994), and *Ginther v Ovid-Elsie Area
Schools*, 444 Mich 1218 (1994), where the Court
denies leave to appeal with the flag that in those
cases the reported "opinion of the Court of Ap-
peals shall have no precedential force or effect." I
repeat what I said in separate statements in those
cases:

> The Michigan Court of Appeals was established
> by the 1963 Constitution, and the judges of the
> Court are elected public officials who perform a
> function set forth in the constitution. Their pub-
> lished opinions are authoritative statements of
> law, not by grace of this Court, but by the power
> vested in the Court of Appeals by the constitution.
>
> The precedential force or effect of an opinion of
> the Court of Appeals should not be set aside
> absent a determination by this Court or the
> United States Supreme Court that the Court of
> Appeals erred. Such a decision should not be
> lightly made, and clearly should not be made
> without plenary consideration, and the resulting
> notice to other persons, here other insurance com-
> panies, who might be favorably or adversely af-
> fected by an affirmance or reversal of the decision
> of the Court of Appeals and who might seek to file
> a brief as amicus curiae.

Further, this Court's order denying precedential force or effect to an opinion of the Court of Appeals avoids compliance with the constitutional imperative that decisions of this Court "shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal." Const 1963, art 6, § 6. [*Bernthal,* pp 1217-1218; *Ginther,* p 1218.]