BRADLEY v PHILIP MORRIS, INCORPORATED
(AFTER REMAND)

Docket Nos. 96432, 96433. Decided March 1, 1994. On application by
the defendants for leave to appeal, the Supreme Court, in lieu
of granting leave, vacated the judgment of the Court of Appeals
and remanded the case to the circuit court for a new trial
against Philip Morris only.

Ronald Bradley and Cynthia Carsley brought an action in the
Oakland Circuit Court against Philip Morris, Incorporated, and
two of its supervisors, alleging wrongful discharge. The court,
Jessica R. Cooper, J., entered judgment on a jury verdict for
the plaintiffs. The Court of Appeals, JANSEN, P.J., and
SULLIVAN and WEAVER, JJ., granted judgment notwithstanding
the verdict for the two supervisors, and remanded the case for
a new trial with respect to Philip Morris (Docket Nos. 112019,
112807). The Supreme Court denied the plaintiffs' application
for leave to appeal, vacated in part the judgment of the Court
of Appeals, and remanded the case to the Court of Appeals. 440
Mich 870 (1992). On remand, the Court of Appeals again
ordered a new trial, concluding that a question existed for the
jury regarding whether there was a just-cause contract of
employment (Docket Nos. 155142, 155143). Philip Morris, Inc.,
seeks leave to appeal.

In a memorandum opinion, signed by Chief Justice
CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and
MALLETT, the Supreme Court held:

The opinion of the Court of Appeals is vacated, and the case
is remanded to the circuit court for a new trial against Philip
Morris only.

Vacated and remanded.

Justice LEVIN, dissenting, stated that the precedential force
or effect of an opinion of the Court of Appeals should not be set
aside absent a determination by the Michigan Supreme Court
or the United States Supreme Court that the Court of Appeals
erred. Such a decision should not be lightly made, and clearly
should not be made without plenary consideration, and the
resulting notice to other persons who might seek to file a brief

as amicus curiae, and who might be favorably or adversely affected by an affirmance or reversal of the decision.

The opinion of the majority does not indicate how the Court of Appeals might have erred in its analysis. Denial of the precedential force or effect of an opinion of the Court of Appeals avoids compliance with the constitutional imperative that decisions of the Supreme Court are to be in writing and are to contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal.

194 Mich App 44; 486 NW2d 48 (1992) affirmed.

199 Mich App 194; 501 NW2d 246 (1993) vacated.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Kathleen L. Bogas*), for the plaintiff.

*Miller, Canfield, Paddock & Stone* (by *W. Mack Faison* and *Diane M. Soubly*) for the defendant.

MEMORANDUM OPINION. The plaintiffs were fired by Philip Morris, Inc., on the ground of work-related misconduct, which the plaintiffs denied. They sued Philip Morris (and two supervisors), and won sizable jury verdicts.

The Court of Appeals granted judgment notwithstanding the verdict for the two supervisors, and remanded the case for a new trial with respect to Philip Morris. 194 Mich App 44; 486 NW2d 48 (1991).

On remand from this Court,[1] the Court of Appeals again ordered a new trial. It concluded that a jury question existed with regard to whether there was a just-cause contract of employment. 199 Mich App 194; 501 NW2d 246 (1993). Philip Morris appeals.

We vacate the second opinion of the Court of

[1] This Court denied the plaintiffs' application for leave to appeal; in response to Philip Morris' application for leave to appeal as cross appellant, this Court vacated in part the judgment of the Court of Appeals and remanded the case to the Court of Appeals for further consideration. 440 Mich 870 (1992).

Appeals, and remand this case to the circuit court for a new trial, against Philip Morris only, in accordance with the first opinion of the Court of Appeals. The rule stated in the third paragraph from the end of the second opinion of the Court of Appeals opinion[2] is overbroad.[3] *Rood v General Dynamics Corp,* 444 Mich 107; 507 NW2d 591 (1993). MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). I would deny leave to appeal and dissent from the peremptory vacation of the second opinion of the Court of Appeals.

Because both the first and second opinion of the Court of Appeals remand for a new trial only against Philip Morris, the effect of this Court's opinion today is to affirm the decision of the Court of Appeals with a flag that a sentence in the second opinion, set forth in note—in today's majority opinion, is "overbroad." There is indeed a citation of this Court's recent opinion in *Rood v General Dynamics Corp,* 444 Mich 107; 507 NW2d 591 (1993), but the Court does not indicate how the Court of Appeals might have erred in its analysis, or wherein the language of the sentence is broader than what was said in *Rood.*

Today's decision is similar to the decision in *People v Barajas,* 444 Mich 556; 513 NW2d 772 (1994), in which the Court purported to "affirm the judgment of the Court of Appeals" with the flag that the Court emphasizes "that the analysis employed by the Court of Appeals is limited strictly

---

[2] Where, as here, the employer has not expressly and unambiguously reserved the right to terminate its employees at will, a question of fact is created that must be decided by a jury. [199 Mich App 197.]

[3] In all other respects, the application for leave to appeal is denied.

to the facts of this case," and to the decisions in *Bernthal v Aetna Casualty & Surety Co,* 444 Mich 1216 (1994), and *Ginther v Ovid-Elsie Area Schools,* 444 Mich 1218 (1994), in which the Court denies leave to appeal with the flag that in those cases the reported "opinion of the Court of Appeals shall have no precedential force or effect." I repeat what I said in a separate opinion and in separate statements in those cases:

> The Michigan Court of Appeals was established by the 1963 Constitution, and the judges of the Court are elected public officials who perform a function set forth in the constitution. Their published opinions are authoritative statements of law, not by grace of this Court, but by the power vested in the Court of Appeals by the constitution.
>
> The precedential force or effect of an opinion of the Court of Appeals should not be set aside absent a determination by this Court or the United States Supreme Court that the Court of Appeals erred. Such a decision should not be lightly made, and clearly should not be made without plenary consideration, and the resulting notice to other persons, here other insurance companies, who might be favorably or adversely affected by an affirmance or reversal of the decision of the Court of Appeals and who might seek to file a brief as amicus curiae.
>
> Further, this Court's order denying precedential force or effect to an opinion of the Court of Appeals avoids compliance with the constitutional imperative that decisions of this Court "shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each decision and reasons for each denial of leave to appeal." Const 1963, art 6, § 6. [*Barajas,* p 556; *Bernthal,* pp 1217-1218; *Ginther,* p 1218.]

The Court's approach in these cases might be incorrectly read to suggest that a simple denial of leave to appeal is an adoption of the opinion of the Court of Appeals.