547 N.W.2d 646 (1995)
450 Mich. 955
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Danny Joe MILLER, Defendant-Appellant.
No. 102548, COA No. 163510.
Supreme Court of Michigan.
December 27, 1995.
ORDER
On order of the Court, the delayed application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. However, we ORDER that the opinion of the Court of Appeals shall have no precedential force or effect. Reported below: 208 Mich.App. 495, 528 N.W.2d 819 (1995). It was unnecessary for the Court of Appeals to reach the merits of the defense challenge to the absence of counsel at the on-the-scene corporeal identification of the defendant by the armed robbery complainant because the issue was not preserved for appellate review.
LEVIN, J., states as follows:
I join in the denial of leave to appeal, but dissent from the statement that the opinion of the Court of Appeals, Mapes v. AAA Insurance Co., 208 Mich.App. 5, 527 N.W.2d 22 (1994), "shall have no precedential force or effect."
*647 I repeat what I said in separate statements in Bernthal v. Aetna Casualty & Surety Co., 444 Mich. 1216, 514 N.W.2d 465 (1994), and Ginther v. Ovid-Elsie Area Schools, 444 Mich. 1218, 514 N.W.2d 763 (1994):[1]
The Michigan Court of Appeals was established by the 1963 Constitution, and the judges of the Court are elected public officials who perform a function set forth in the constitution. Their published opinions are authoritative statements of law, not by grace of this Court, but by the power vested in the Court of Appeals by the constitution.
The precedential force or effect of an opinion of the Court of Appeals should not be set aside absent a determination by this Court or the United States Supreme Court that the Court of Appeals erred. Such a decision should not be lightly made, and clearly should not be made without plenary consideration, and the resulting notice to other persons who might be favorably or adversely affected by an affirmance or reversal of the decision of the Court of Appeals and who might seek to file a brief as amicus curiae.
Further, this Court's order denying precedential force or effect to an opinion of the Court of Appeals avoids compliance with the constitutional imperative that decisions of this Court "shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal." Const 1963, art 6, § 6. [Bernthal, pp. at 1217-1218, 514 N.W.2d 465; Ginther, p. at 1218, 514 N.W.2d 763.]
MICHAEL F. CAVANAGH, J., concurs in the dissenting statement of LEVIN, J.
BOYLE, J., would grant leave to appeal.
NOTES
[1] See also People v. Barajas, 444 Mich. 556, 513 N.W.2d 772 (1994).