STRINGWELL v ANN ARBOR PUBLIC SCHOOL DISTRICT

Docket No. 247052. Submitted June 2, 2004, at Lansing. Decided July 6, 2004, at 9:20 A.M.

Britten Stringwell brought a personal injury action in the Washtenaw Circuit Court against Artem Raibekas, a fellow student at Huron High School, and the Ann Arbor Public School District. The plaintiff alleged that the fellow student, under the direction of a teacher in an automotive class, started a truck and that the truck lurched forward and struck her. The court, Melinda Morris, J., entered a default judgment against the fellow student after he failed to appear in, or otherwise defend against, the action. Before discovery was completed, the defendant school district moved for summary disposition, claiming governmental immunity. The plaintiff countered with the argument that the motor vehicle exception to governmental immunity applied. MCL 691.1405. The court granted summary disposition in favor of the defendant school district. The court also denied reconsideration and the plaintiff appealed as of right.

The Court of Appeals *held*:

The operation of a public school is a governmental function and tort immunity is broadly granted to a governmental agency engaged in the exercise of a governmental function. MCL 691.1407(1). However, there is a motor vehicle exception to governmental immunity that makes a governmental agency liable for damage caused by "any officer, agent, or employee" of the agency resulting from the negligent operation of a motor vehicle owned by the agency. MCL 691.1405. It is not disputed that the defendant school district owned the truck. With regard to the remaining question, whether the fellow student was an agent or employee of the defendant, the plaintiff ought to be allowed to pursue her novel theories at least through completion of discovery because there is a reasonable chance that discovery will uncover factual support for the plaintiff's claim that the student was an agent of the defendant or a permissive user of the defendant's truck.

Vacated and remanded.

O'CONNELL, J., dissenting, would reverse the court's order granting the defendant summary disposition. Although there was

an implicit finding that the student was not an "officer, agent, or employee," the record establishes that the student acted with the direction and permission of the teacher. Consequently, the student was an agent of the defendant and the incident is within the automobile exception to governmental immunity.

*O'Brien & O'Brien, P.L.C. (by Thomas C. O'Brien and Darlene A. O'Brien), for the plaintiff.*

*Grenn & Grenn (by Frederick M. Grenn and Margaret P. Andrews) for the defendant.*

Before: HOEKSTRA, P.J., and O'CONNELL and DONOFRIO, JJ.

HOEKSTRA, P.J. In this personal injury action, plaintiff Britten Stringwell appeals as of right from the trial court's order granting summary disposition to defendant Ann Arbor Public School District under MCR 2.116(C)(7) on the basis of governmental immunity. We vacate and remand.

In October 1998, plaintiff and Artem Raibekas were high school students at Huron High School within defendant school district. Both students were enrolled in a class entitled "Know Your Car," and as a part of the class, they were participating in a four-person group assigned to check the fluids in a truck that defendant school district owned. When Raibekas started the vehicle, the vehicle lurched forward, striking and injuring plaintiff.

Plaintiff filed suit against Raibekas and defendant school district. Defendant school district moved for summary disposition on the basis of governmental immunity. In response, plaintiff argued that the motor vehicle exception to governmental immunity, MCL 691.1405, applied and therefore her claim was not precluded by governmental immunity. The trial court

disagreed, and, therefore, granted defendant school district's motion and dismissed with prejudice the cause of action against defendant school district. The trial court denied reconsideration and this appeal ensued.[1]

We review a trial court's grant of summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). To survive a motion under this subrule, the plaintiff must allege facts justifying the application of an exception to governmental immunity. *Id.* "We consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id.*; MCR 2.116(G)(5). "[T]he motion should be granted only if no factual development could provide a basis for recovery." *Xu v Gay*, 257 Mich App 263, 267; 668 NW2d 166 (2003).

Resolution of the issue before us requires statutory interpretation, which is a question of law that is also reviewed de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). Our Supreme Court has explained the well-established rules of statutory construction:

> The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. This task begins by examining the language of the statute itself. The words of a statute provide "the most reliable evidence of its intent . . . ." If the language of the statute is unambiguous, the Legislature must have in-

---

[1] The trial court defaulted Raibekas for failure to appear, plead, or otherwise defend and later entered a default judgment against Raibekas. Raibekas is not a party to this appeal.

tended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. [*Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999) (citations omitted).]

"Unless defined in the statute, every word or phrase of a statute will be ascribed its plain and ordinary meaning." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002).

Tort immunity is broadly granted to governmental agencies when engaged in the exercise or discharge of a governmental function. MCL 691.1407(1). The operation of a public school is a governmental function. *Nalepa v Plymouth-Canton Community School Dist*, 207 Mich App 580, 587; 525 NW2d 897 (1994); *Brosnan v Livonia Pub Schools*, 123 Mich App 377, 381-382, 386; 333 NW2d 288 (1983). However, the governmental immunity act sets forth exceptions to immunity, which must be narrowly construed, *Maskery v Univ of Michigan Bd of Regents*, 468 Mich 609, 614; 664 NW2d 165 (2003), including the motor vehicle exception. MCL 691.1405 sets forth this exception to governmental immunity and provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.

For purposes of its summary disposition motion, defendant school district did not dispute its ownership of the vehicle that caused plaintiff's injuries. Thus, the

only question here is whether, under the statute, Raibe-
kas can be considered an agent or employee of the
district.

Plaintiff argues on appeal that Raibekas may be
considered an employee or agent of defendant school
district at the time of the accident, and thus the motor
vehicle exception to governmental immunity applies.[2]
Plaintiff points out that the statute applies to *"any
officer, agent, or employee of the governmental agency,"*
MCL 691.1405 (emphasis supplied), but does not define
the terms "employee" and "agent." Plaintiff argues that
possible factual development could lead to the conclu-
sion that, for purposes of the motor vehicle exception,
Raibekas was either an employee or agent of defendant
school district. While perhaps plaintiff's agency and
employment theories are novel, the lack of discovery
before defendant's motion deprived plaintiff of the
opportunity to more fully ascertain facts relevant to a
determination whether her theories are sustainable. By
way of example, plaintiff through discovery could ex-
plore the concept of agent or permissive user as used in
the ownership liability statute of the Michigan Vehicle
Code and its interrelationship with the governmental

---

[2] To the extent that plaintiff's complaint does not plead facts in
avoidance of governmental immunity, amendment is appropriate because
plaintiff's complaint was filed, and the trial court granted summary
disposition, before our Supreme Court's decision in *Mack v Detroit*, 467
Mich 186; 649 NW2d 47 (2002). In *Mack*, our Supreme Court held that
governmental immunity is a characteristic of government, not an affir-
mative defense, and a party suing a governmental unit must plead in
avoidance of governmental immunity. *Id.* at 190, 197-203. In allowing the
*Mack* plaintiff to amend her complaint to attempt to plead in avoidance
of governmental immunity, the Supreme Court further noted: "As to all
other cases pending that involve governmental immunity, plaintiffs shall
be allowed to amend their complaints in order to plead in avoidance of
governmental immunity. If a case is pending on appeal and governmental
immunity is a controlling issue, the Court of Appeals may remand to
allow amendment." *Id.*, at 203 n 20.

immunity statute to develop relevant facts to sustain
her theories.[3] Plaintiff asserts that even though Raibe-
kas was a fellow student, the actions of starting the
vehicle at the teacher's direction during a class to
apparently allow for the fluid levels to be checked may
confer a benefit on defendant school district depending
on the status and use of the vehicle within the district.
Given these facts and circumstances, we believe that
summary disposition was premature. "Generally, a mo-
tion for summary disposition is premature if granted
before discovery on a disputed issue is complete." *Peter-
son Novelties, Inc v City of Berkley*, 259 Mich App 1,
24-25; 672 NW2d 351 (2003). Although "summary
disposition may nevertheless be appropriate if further
discovery does not stand a reasonable chance of uncov-
ering factual support for the opposing party's position,"
*id.* at 25, we conclude that there is a reasonable chance
that discovery in the instant case will uncover factual
support for plaintiff's position.

Vacated and remanded. We do not retain jurisdiction.

DONOFRIO, J., concurred.

O'CONNELL, J. (*dissenting.*) I respectfully dissent. The
trial court dismissed this cause of action because it
implicitly found that the student who started the ve-
hicle was not an "officer, agent, or employee" of the
school district. The record establishes that a teacher for

---

[3] MCL 257.401(1) provides in pertinent part, "[t]his section shall not be
construed to limit the right of a person to bring a civil action for damages
for injuries to either person or property resulting from a violation of this
act by the owner or operator of a motor vehicle or his or her agent or
servant. The owner of a motor vehicle is liable for an injury caused by the
negligent operation of the motor vehicle whether the negligence consists
of a violation of a statute of this state or the ordinary care standard
required by common law. The owner is not liable unless the motor vehicle
is being driven with his or her express or implied consent or knowledge."

the school told the student to start the vehicle so that the class could check the vehicle's fluid levels. Because the student acted at the direction of the teacher and used the vehicle with the teacher's permission, the student acted as an agent of the school district. *Roberts v Lundy*, 301 Mich 726, 729; 4 NW2d 74 (1942). Because this incident fell within the automobile exception to governmental immunity, the trial court erred when it granted summary disposition to the school district. MCL 691.1405. I would reverse.