NORTH COUNTRY AGENCY, INC v FRANKENMUTH
MUTUAL INSURANCE COMPANY

Docket No. 262472. Submitted December 16, 2005, at Grand Rapids.
Decided December 20, 2005. Approved for publication February
14, 2006, at 9:10 a.m.

North Country Agency, Inc., brought an action in the Cheboygan
Circuit Court against Frankenmuth Mutual Insurance Company,
claiming breach of contract after the defendant terminated for
malfeasance the insurance agency contract between the parties.
The court, Scott L. Pavlich, J., granted summary disposition for
the defendant. The plaintiff appealed, challenging whether the
defendant had sufficient knowledge of malfeasance at the time it
terminated the plaintiff's agency contract and challenging sum-
mary disposition before the end of discovery.

The Court of Appeals *held*:

1. The defendant had sufficient evidence of malfeasance to
terminate the agency contract. One and a half months before the
defendant provided the plaintiff with written notice of the termi-
nation, the defendant had informed the plaintiff of its concern
regarding several coverage inquiries, and, two weeks later, the
concerns were borne out when one of the purported insureds came
forward with a false proof of insurance.

2. The grant of summary disposition was not premature.
Discovery was completed before summary disposition was granted.
The circuit court also properly used later-discovered evidence to
support its determination that the defendant had evidence of
malfeasance warranting the termination of the agency contract.

Affirmed.

INSURANCE — AGENCY CONTRACTS — TERMINATION — MALFEASANCE.

Where the agency contract between an insurance company and an
insurance agency provides for the termination of the contract
upon evidence of malfeasance by the agency, but does not define
"malfeasance," malfeasance may include providing proof of insur-
ance to a person who is not actually insured by the company; an
insurance company had sufficient evidence of malfeasance before
terminating an agency contract where the company, before termi-

nation, expressed concern to the agency about coverage inquiries and knew of a person to whom a false proof of insurance had been issued by the agency.

*Jeffrey T. Lyon* for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *Scott L. Mandel*), for the defendant.

Before: WHITBECK, P.J., and BANDSTRA and MARKEY, JJ.

PER CURIAM. In this breach of contract action, plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendant. We affirm.

We review de novo a lower court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id.* at 120. In reviewing a decision on a motion for summary disposition based on the lack of a material factual dispute, we consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted in the light most favorable to the party opposing the motion. MCR 2.116(C)(10), 2.116(G)(5); *Maiden, supra* at 120. Summary disposition was appropriately granted if there was no genuine issue regarding any material fact and if the moving party was entitled to judgment as a matter of law. *Id.*

Additionally, we review de novo the construction and interpretation of an insurance contract as a question of law. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). We also review de novo whether contract language is ambiguous as a question of law. *Id.* If a word is unambiguous and no reasonable person could differ with regard to application of the term to undisputed material facts, a grant of summary disposition in favor of the appropriate party under MCR

2.116(C)(10) is appropriate. *Id.* However, if reasonable minds could disagree about the conclusions to be drawn from the facts, a question for the fact-finder exists, and summary disposition is unwarranted. *Id.*

Plaintiff argues that summary disposition in favor of defendant was inappropriate because a factual question existed concerning whether defendant had sufficient knowledge of the existence of malfeasance at the time it terminated plaintiff's agency contract. The agency contract provided that it "shall terminate . . . [i]mmediately where [defendant] has evidence of malfeasance . . . on the part of [plaintiff] . . . ." Therefore, the dispositive issue is whether evidence of malfeasance under the terms of the agency contract existed. Plaintiff's additional argument—that defendant failed to provide proper notice to the Insurance Commissioner of termination of its agency contract in accordance with MCL 500.1208b—is irrelevant.

"Malfeasance" was not defined in the agency contract, so it is appropriate to interpret the term in accordance with its commonly used meaning. *Henderson, supra* at 354. Black's Law Dictionary, 7th ed, defines "malfeasance" as "[a] wrongful or unlawful act . . . ." *Random House Webster's College Dictionary* (2001) defines "malfeasance" as "misconduct or wrongdoing . . . ." Here, defendant terminated plaintiff's agency contract on the basis of coverage inquiries made by insureds to whom plaintiff had provided proofs of insurance, but who were never actually insured with defendant. Defendant later discovered that Judy Southwell, a licensed agent/customer representative for plaintiff, committed criminal insurance fraud affecting individuals who believed on the basis of Southwell's representations that they were insured with defendant. Defendant had evidence of malfeasance on the date it

terminated plaintiff's agency contract, and the subsequent investigation, which uncovered additional evidence of malfeasance, simply provided further support for its decision. Moreover, plaintiff's reliance on the deposition testimony of defendant's employees to support its position that defendant did not have evidence of malfeasance is misplaced. While the employees were unable to define "malfeasance," their testimony does not alter the essential terms of the contract or the commonly used meaning of "malfeasance."

Contrary to plaintiff's assertion, the affidavit of a senior investigator with the Office of Financial and Insurance Services, in which he stated that he found no evidence of plaintiff's knowledge or complicity with Southwell's actions, does not undermine defendant's decision to terminate plaintiff's agency contract. Regardless of what plaintiff knew about the criminal behavior of its employee, from defendant's perspective, malfeasance at plaintiff agency, somewhere, was evident. Similarly, the fact that defendant did not know specifically which employee was engaged in criminal behavior when it terminated the agency contract is irrelevant.

Plaintiff incorrectly asserts that summary disposition was inappropriate because discovery was not complete when the trial court granted summary disposition in favor of defendant. While it is true that a motion for summary disposition is generally premature if granted before discovery on a disputed issue is complete, *Stringwell v Ann Arbor Pub School Dist*, 262 Mich App 709, 714; 686 NW2d 825 (2004), discovery was complete on the date on which the continued Southwell deposition was taken. Moreover, the circuit court had extended the time for discovery specifically so that the Southwell deposition could be continued, and the information

contained in that deposition provided the basis for the court's grant of summary disposition in favor of defendant.

Further, the trial court properly utilized the later-discovered evidence to support its grant of summary disposition in favor of defendant on the basis that defendant had such evidence of malfeasance to warrant terminating the agency contract. In the analogous context of a wrongful termination claim, this Court has held that "[e]vidence of employee misconduct occurring before termination is admissible as substantive evidence even if the former employer did not know of the misconduct until after the termination," and that "[j]ust cause for termination may include facts and circumstances existing at termination but not known to the employer." *Bradley v Phillip Morris, Inc*, 194 Mich App 44, 48; 486 NW2d 48 (1992), vacated in part on other grounds 440 Mich 870 (1992).

No genuine issue of material fact existed that defendant was entitled to terminate plaintiff's agency contract on the basis of evidence of malfeasance. Defendant informed plaintiff of its concern regarding several coverage inquiries 1½ months before terminating plaintiff's agency contract. Two weeks later, these concerns were further borne out by one of defendant's purported insureds, to whom Southwell had provided false proofs of insurance. Defendant then provided written notice of its termination of plaintiff's agency contract. Reasonable minds could not differ that defendant had sufficient evidence of malfeasance to terminate the agency contract at that point. Thereafter, further information came to light regarding the extent of Southwell's actions, simply providing additional support concerning the details and extent of plaintiff's malfeasance.

We affirm.