*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOWARD LINDEN, Personal Representative of the
ESTATE OF TIMESHA BEAUCHAMP,

UNPUBLISHED
June 27, 2024

Plaintiff-Appellant,

v

No. 367117
Oakland Circuit Court
LC No. 23-199683-NO

MICHAEL STORMS, SCOTT RICKARD, PHILLIP
MULLIGAN, JAKE KROLL, ALEXIS
MATTISON, and SARA BOND,

Defendants-Appellees.

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Defendants responded to a 911 call when Timesha Beauchamp needed medical attention. Beauchamp was declared to be deceased and transferred to a funeral home, where she was found to be alive. Beauchamp died two months later. Plaintiff sued defendants for gross negligence. The trial court granted defendants summary disposition under MCR 2.116(C)(7) (immunity granted by law) and (C)(8) (failure to state a claim on which relief can be granted). We affirm in part and reverse in part.

Beauchamp, a 20-year-old woman with cerebral palsy, was found unresponsive by her mother, who called 911. Defendants Michael Storms, Scott Rickard, Phillip Mulligan, and Jake Kroll, who were emergency medical technicians and paramedics with the Southfield Fire Department (the "fire-department defendants"), responded. Two police officers, Alexis Mattison and Sara Bond (the "police defendants"), were also dispatched to the home.

According to the complaint, Storms, Rickard, Mulligan, and Kroll performed cardiopulmonary resuscitation (CPR) on Beauchamp. After they discontinued the CPR effort and declared Beauchamp to be deceased, defendants contacted a medical doctor to obtain permission to discontinue resuscitative efforts. Defendants began to pack their things into an ambulance. One of Beauchamp's family members told defendants that Beauchamp was still breathing and had a pulse. Storms, Kroll, Bond, and Mattison went back into the home and checked on Beauchamp.

-1-

Storms and Kroll told the family that Beauchamp was moving only because her body was reacting to medication. As defendants again left, a family member told Bond that Beauchamp was still breathing. Bond relayed this information to the rest of the defendants, and they checked Beauchamp again. Family members told defendants that they felt Beauchamp's pulse and saw her gasp for air, but defendants again told the family that Beauchamp was dead. Mattison informed the Oakland County Medical Examiner's office, provided the family the medical examiner case number, and told them to contact a funeral home.

Beauchamp's family contacted a funeral home, and the person who picked up Beauchamp asked if Beauchamp was, in fact, deceased because her chest was moving. Beauchamp's mother stated that defendants told her that the movement was the result of medication. Beauchamp was transported to the funeral home, wrapped in a sheet and inside of a body bag. When the bag was opened at the funeral home, Beauchamp's eyes were open, her chest was moving, and she was gasping for air. Beauchamp was transported to a hospital, where she died about two months later.

Plaintiff sued defendants for gross negligence, alleging that defendants violated their duties and that their conduct was the proximate cause of Beauchamp's injuries. Plaintiff alleged that Beauchamp suffered several injuries, including death, severe hypoxic brain injury, acute hypoxemic respiratory failure, cardiogenic septic shock, electrolyte imbalance, metabolic acidosis, conscious pain and suffering, fright, shock, terror, humiliation and mortification, mental anguish, and the loss of love, society, and companionship. Plaintiff further requested reasonable medical, funeral, and burial expenses. In lieu of filing an answer, defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8). No discovery took place. The trial court granted summary disposition in favor of defendants.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citation omitted). In reviewing a trial court's decision under MCR 2.116(C)(7), we consider the record evidence to determine whether the defendant is entitled to immunity. *Poppen v Tovey*, 256 Mich App 351, 353-354; 664 NW2d 269 (2003). "The moving party may support its motion for summary disposition under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence, the substance of which would be admissible at trial. The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Odom v Wayne County*, 482 Mich 459, 466; 760 NW2d 217 (2008) (cleaned up).

In contrast, "[a] motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998) (citation omitted). "All factual allegations supporting the claim, and any reasonable inference or conclusions that can be drawn from the facts, are accepted as true." *Id*. A trial court may only grant a motion made under MCR 2.116(C)(8) "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

Under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, "governmental employees are generally immune from tort liability when they are engaged in the

exercise or discharge of a governmental function." *Dougherty v City of Detroit*, 340 Mich App 339, 345; 986 NW2d 467 (2021) (cleaned up). A government employee is not, however, immune if the employee's conduct "amount[ed] to gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(c). "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Although there generally may be more than one proximate cause to an injury, a governmental employee's conduct cannot be the proximate cause under the GTLA unless it was the one most immediate, efficient, and direct cause of the plaintiff's injuries." *Dougherty*, 340 Mich App at 353-354 (cleaned up). See also *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000).

In this case, plaintiff pleaded sufficient facts to survive the (C)(7) and (C)(8) motion as to Storms, Rickard, Mulligan, and Kroll. The trial court held that governmental immunity applied because these four fire-department defendants were not the proximate cause of Beauchamp's injuries. This determination, however, was premature. There was insufficient evidence, given the lack of the discovery, for a court to make any determination on the issue of proximate cause.

In *Stringwell v Ann Arbor Pub Sch Dist*, 262 Mich App 709, 713; 686 NW2d 825 (2004), this Court held that "the lack of discovery before defendant's motion deprived plaintiff of the opportunity to more fully ascertain facts relevant to a determination whether her theories [were] sustainable." Summary disposition may be proper when there is no reasonable chance that discovery would provide factual support for the claim. *Id*. at 714. In this case, however, the dismissal was premature because the issue of proximate cause remained in dispute. See *id*. at 713-714; *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). There was *no* evidence presented to the trial court, beyond plaintiff's allegations in the complaint, about why Beauchamp died or the extent her death was attributable to her preexisting condition or the actions of the fire-department defendants.

Defendants rely on *Beals*, in which our Supreme Court held that the plaintiff could not establish that a lifeguard was the proximate cause of a swimmer's death when the lifeguard failed to intervene. *Beals v Michigan*, 497 Mich 363, 377; 871 NW2d 5 (2015). In *Beals*, however, the Court rejected the "suggestion that a governmental employee's failure to intervene can *never* constitute the proximate cause of an injury." *Id*. Instead, the lifeguard's actions were not the proximate cause when there was no explanation for why the swimmer remained underwater and, although the lifeguard was inattentive, the lifeguard did not cause the swimmer to enter the pool or remain submerged. *Id*. at 373. In this case, according to the complaint, the four fire-department defendants attempted resuscitation, stopped their attempts, waited several minutes before contacting a doctor, and then did not attempt any further resuscitation efforts, despite multiple statements from witnesses who thought that Beauchamp appeared to be alive. Moreover, as plaintiff notes in his reply brief, record evidence, including a video of the incident and expert reports, were considered in *Beals*, enabling our Supreme Court to consider evidence of proximate cause as it related to the defendant's governmental immunity. *Id*. at 368. See also *Stringwell*, 262 Mich App at 713-714. No such record evidence was available in this case.

Further, plaintiff pleaded injures beyond just Beauchamp's death. Even if discovery establishes that the fire-department defendants' actions were not the proximate cause of Beauchamp's death, their actions could still be the proximate cause of other claimed injuries. They assert that "Beauchamp was already dying (or dead) before Defendants intervened." Although

Beauchamp's mother called 911 because Beauchamp was having a medical issue, Beauchamp did not, in fact, die for another two months. Instead, as a result of the fire-department defendants' actions in prematurely declaring that Beauchamp was deceased, Beauchamp was wrapped in a sheet and placed inside a body bag. Had they not erroneously declared that Beauchamp was dead, her family members could have sought additional medical care for Beauchamp, and Beauchamp would not have been subjected to transportation in a body bag.

Although a party may attach documentary evidence in support of a (C)(7) motion, the fire-department defendants did not do so, beyond submitting pleadings in plaintiff's related federal court case. See MCR 2.116(G)(2). As plaintiff argues on appeal, when the fire-department defendants did not submit any factual documentation, there was no evidence to contradict plaintiff's complaint, and the trial court was required to accept the facts as alleged. See *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). On the basis of the pleadings alone, therefore, there is no basis to find that Beauchamp would have died solely due to her preexisting conditions or any evidence to counter plaintiff's well-pleaded allegations that the fire-department defendants' actions were the proximate cause of Beauchamp's injuries.

Therefore, the trial court erred by granting summary disposition to Storms, Rickard, Mulligan and Kroll because more discovery is necessary on the question of proximate cause as it relates to the fire-department defendants' claim of immunity. They may renew their motions after discovery has closed, if appropriate.

Next, although the trial court misapplied the public-duty doctrine, the trial court properly granted summary disposition as to Mattison and Bond. "Under the public-duty doctrine, a police officer owes a duty to protect the public as a whole—not any one particular individual." *Dougherty*, 340 Mich App at 347 n 4 (citations omitted). In *Beaudrie v Henderson*, 465 Mich 124, 141; 631 NW2d 308 (2001), our Supreme Court specified that the public-duty doctrine is limited to cases "involving an alleged failure of a police officer to protect a plaintiff from the criminal acts of a third party." In this case, Mattison and Bond were dispatched to Beauchamp's home after she was found to need medical care. There was no report of criminal activity. Accordingly, the trial court erred by applying the public-duty doctrine to this situation.

We nevertheless affirm the trial court's grant of summary disposition to Mattison and Bond because plaintiff's claims against these two police defendants were barred by governmental immunity. See MCL 691.1407(2). "Under the GTLA, a governmental employee is entitled to governmental immunity and, thus, summary disposition if the plaintiff fails to establish that the employee owed a duty in tort." *Dougherty*, 340 Mich App at 346-347. The GTLA does not create any specific duty of care. *Id*. at 347. "Whether a common-law duty exists is dependent on the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *Id*. Moreover, a government employee may only be liable for gross negligence if the employee's conduct is the "one most immediate, efficient, and direct cause of the injury or damage, i.e., the proximate cause." *Robinson*, 462 Mich at 462. See also *Dougherty*, 340 Mich App at 353-354.

Plaintiff's complaint did not allege that Mattison and Bond had more than limited involvement in the incident. They responded to the scene as police officers and were not involved in the resuscitation efforts or decision to declare Beauchamp to be deceased. Although factual

development may establish that the fire-department defendants' actions were the proximate cause of Beauchamp's injuries, there was nothing in the complaint to suggest that Mattison's or Bond's conduct could be the proximate cause. Indeed, it is unrebutted that the police defendants were not in the best position to provide for Beauchamp's medical needs when there were four emergency medical responders at the scene, to whom Mattison and Bond relayed the families' concerns. Therefore, summary disposition is appropriate in regard to Mattison and Bond because there is no likelihood that discovery would uncover factual support for plaintiff's position. See *Stringwell*, 262 Mich App at 714.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani